Tompkins, J.,
delivered the opinion of the Court.
This was an action of debt, brought by Downing against Garner before a Justice of the Peace. The trial was by jury; verdict and judgment thereon for $4 42, in favor of the plaintiff Some days after the trial, Garner applied to the Justice for a new trial. It was allowed, and loolc place at some distance of time. Judgment was, on the last trial, given against Garner for $13 35, and he appealed to the Circuit Court, where a judgment was given in Garner’s favor for $3 17 1-2. Downing moved in arrest of judgment, assigning for reason, that the Justice of the Peace had no right to grant a new trial. Other reasons were assigned, not material to be here noticed. The proceedings before the Justices of the Peace are strictly statutory. The only provision made for granting new trials, is contained in the 12th section of the act establishing Justices’ Courts, and regulating the collection of small debts. There are two cases in which new trials may be granted, viz : when judgment by default has been rendered against the defendant, and when judgment of non-suit is entered against the plaintiff for failing to appear and substantiate his demand. In such cases, says the statute, every Justice shall have discretionary power, upon good cause shown, to open judgment of non-suit, and judgment by default, at anytime within ten days after rendition thereof, upon the application of the party injured, or of his agent, See. The present case is not one of those provided for. We *540 consider the restraint imposed on the Justices as salutary; for every object of a new trial is obtained by an appeal to the Circuit Court.
The judgment of the Circuit Court is reversed. The defendant must pay all costs accruing since the first trial before the Justice of the Peace, and the plaintiff is left to take the benefit of the first judgment which he obtained'before the Justice of the Peace.