Tompkins, J.,
delivered the opinion of the Court.
Rutherford brought an action before a Justice of the Peace against Wim, for trespasses alledged to have been committed on land in Rutherford’s possession, and had judgment. This judgment was reversed in the Circuit Court, and to reverse the judgment of the Circuit Court this writ of error was sued out.
The facts of the case are as follows: On the23d day of October, 1830, the jury found a verdict for Rutherford before the Justice of the Peace ; 'on the 9th day of-November then next, the Justice entered-up judgments and on the tenth day of the' same month Wim appealed to the Circuit Court.- The plaintiff in error moved the Circuit Court to dismiss the appeal, because it was not taken within ten days after the rendering of the judgment; .he also-moved the-Court to allow a certiorari to the Justice, to send up a full transcript of his docket, a diminution being alledged; -both < of which motions were overruled, and to the opinion of- the Court exceptions were taken. The plaintiff in error also excdpfed to the opinion of -the Court in some in- - structions given to'the jury, on the motion of the defendant in error. Rut to dispose ’ of this cause it will not be necessary to notice any thing, except the decision of the Circuit Court on the motion to dismiss the.appeal. On the one-side it is contended > that the day on which the verdict of the jury is found, is the day on which judgment must he considered-to be given,- even-though it he not entered up for several days 'after, and the Justice having no discretion, his neglect oughbnot to injure the plaintiff. ■ On the other side it is said, that till judgment is-entered, there is nothing, to be ap- - pealed from;- and -that it was the duty of the plaintiff do cause his judgment to he entered.'. The statute provides■ that upon the return of a verdict the Justice shall give judgment thereon, with costs, and-the appeal shall he-taken within ten days after. The Cdurt is inclined to give the effect of a judgment to the verdict, so soon as it is entered on the Justice’s docket. Justices of the Peace have-no-such control-over verdicts as Judges of the Courts of Record have nor is it proper that they ' should have. After the entry of the verdict on the docket, they have no discretion to exercise 5 "and the neglect to make the entry of-the words “'judgment for plaintiff” ' on the docket, could not injure the defendant. He knew that the Justice had no power to alter the amount of the verdict. If Justices of the Peace were to be required to make formal entries, the object of the Legislature in establishing their Oourts-would be defeated. It is the opinion of this Court that the judgment of the *13 Circuit Court be reversed and the cause to be remanded, and that the Circuit Court, dismiss the appeal from its docket.