| 8 | 45 |
|---|---|
| 42a | 453 |

| 8 | 45 |
|---|---|
| 61a | 289 |

| 8 | 45 |
|---|---|
| 72a | 174 |

## CASON vs. TATE, NOLLEY & COOK, and DYER.

1. A justice of the peace cannot grant a new trial after a verdict by a jury.
2. The effect of a judgment, in a justice's court, will be given to the verdict of a jury, as soon as the verdict is entered on the justice's docket: and an appeal must be taken within ten days from the entering of the verdict.

### ERROR to Callaway Circuit Court.

SHELEY, *for Plaintiff in Error.*

1. That, according to well-settled principles, motions in arrest of judgment can only extend to such errors or irregularities in the cause, as appear of record.— See 2 Tidd's Practice, 948, 949; Second part of Archibold's Practice, 280; Stephen on Pleading, 95, 96; 3 Blackstone, side page, 393.

2. That judgment will not be arrested for any errors or defects in the record, except they be such, that without amending, the court could not give a good judgment in the cause; and that no alleged departure of the verdict from the law, or evidence in the cause, can avail upon such motion, and only upon motions for a new trial. (See same references.)

3. That a motion in arrest of judgment after verdict admits all the facts essential to support the declaration, and the finding of the jury, and the court will intend that every material fact alleged, even informally, in the record, or fairly inferrible from it, to have been proven by the plaintiff, upon the trial in support of his action. —See 11 Wend. Rep., 374, 384, 385; 2 Tidd, 949.

4. We shall contend further, that the setting aside the verdict of the first jury by the justice, and granting a new trial, as appears in this record, was such an

---

*Cason vs. Tate, Nolley & Cook, and M. T. & T. B. Dyer.*

---

error in his proceedings as may have availed the defendants, had they chosen to have taken advantage of it at the proper time, and in the proper manner ; but having taken the appeal to the Circuit Court, and possessed that court of the cause, and after submitting to a trial upon merits, and having a verdict rendered against them, the court will intend the defendants to have waived the objection, and ought to have rendered judgment upon the verdict.—See Rev. Stat., art. 8, sec. 8, p. 370.

5. That, upon an appeal from the justice, the Circuit Court will try the cause anew upon its merits, without regarding, or in any manner attempting to revise or correct any errors or irregularities in the proceedings of the justice, unless such appeal is taken for the purpose of suspending the execution of the judgment until application could be made for some rule against the proceedings of the justice, of the nature of a mandamus, or any other kind, in which case, the party appealing should, at the first term of the Circuit Court next succeeding, move the court to dismiss the appeal, and for such rule as the proper correcting the errors of. the justice may require : and in this way alone can the Circuit Court revise or correct any errors or irregularities in the proceedings of the justice. (Same references as above.)

6. That this appeal to the Circuit Court by the defendants, not being intended for such purposes as would seem from the record, the Circuit Court, having tried the cause upon its merits, and a verdict rendered, should have disregarded the error of the justice in setting aside the first verdict, and ought to have rendered judgment upon the verdict of the jury.

LEONARD *and* ANSELL, *for Defendants in Error.*

1. That a justice of the peace has no authority to grant a new trial, except in certain specified cases, and that he cannot set aside the verdict of a jury.

2. That a judge is, in contemplation of the law, bound to examine the whole record, and give judgment according to the very right of the cause without regard to the verdict,—issue or no issue.

3. That there are ten days allowed to take an appeal from the magistrate's court, and if they are passed by, the cause is defunct in contemplation of the statute, and no after proceeding can revive it.

4. The plaintiff, by moving for a new trial, instead of taking an appeal, committed a fatal error, which was substantial ground for arresting the judgment.

*Authorities :*—6 Mo. Rep., 750, Downing *vs.* Gurner; Stephen's Pleading, " new trial," 94, " arrest of judgment," 96, 97, " writ of error," 117, 118, 119, 120, " demurrer," 138–152 ; Stat. Mo., art. 5, sec. 3, &c., article 8, " appeals," 476, &c.; 3. Black., " new trial," " arrest of judgment," 393.

SCOTT, *Judge, delivered the opinion of the Court.*

Cason brought an action of debt against the defendants in a justice's court, where, on a trial, the jury render a verdict against the plaintiff.

The justice before whom the cause was tried, granted a new trial, and continued the cause.

On the second trial, the parties appeared, and submitted the cause to the justice, who rendered a judgment for the plaintiff, from which the defendant appealed to the Circuit Court, where, on a trial *de novo*, the plaintiff again obtained a verdict.

The defendants then moved in arrest of judgment, for the reason that the justice had granted a new trial to the plaintiff. This motion was sustained, and the suit was dismissed.

It is a settled principle, that a justice of the peace cannot grant a new trial after a verdict by a jury.— Downing *vs.* Garner, 1 Mo. Rep., 751.

In Rutherford *vs.* Winn, 3 Mo. Rep., 14, this Court held, that in a justices' court, the effect of a judgment will be given to the verdict of a jury so soon as the verdict is entered on the justice's docket. In that case it was held, that the appeal should be taken within ten days from the entering of the verdict.

The justice having no power over the verdict, his proceedings subsequent to its rendition were *coram non judice*, and consequently void. It was insisted, that the cases referred to were decided under the revised laws of 1825, which were less indulgent to proceedings in justices' courts than the present statute, which directs, art. 8, sec. 8, that, upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause, and shall proceed to hear, try, and determine the same anew, without regarding any error, defect, or other imperfection of the justice. It will not be maintained, that under this section the bare filing of the papers will give the court possession of the cause, without regard to the legality of the steps of the party by whom they are filed.

The law requires the appeal to be taken in ten days. Would the filing of the papers in the Circuit Court, any length of time after a trial before the justice, give the Circuit Court possession of the cause?

A party has a right to an appeal, and if his appeal is properly taken, under the section above referred to, he is entitled to a trial *de novo* in the Circuit Court.

As the transcript of the justice was before the Circuit Court, and as, from its face, it appeared that the verdict first given, which, as we have seen, was equivalent to a judgment, was in full force, notwithstanding there may have been a trial in the Circuit Court, yet when that court, at any time, became satisfied that it was improperly entertaining a cause, it was competent to dismiss it, as was done, and leave the first judgment undisturbed, to be enforced by the party in whose favor it was rendered.

Judgment affirmed.