LYMAN W. PATCHIN, Respondent, *vs.* FREDERICK BONSACK, Appellant.

1. *Justices' courts—Appeal —Time, computation of—Sunday.*—In computing the time limited for perfecting appeals from justices' courts, Sundays are to be included as other days. The principle of *dies non* does not apply in such cases.

*Appeal from St. Louis Circuit Court.*

*Rankin & Hayden,* for Appellant.

I. The phrase "six days" means six legal days, ( W. S., 651, § 12,) that is, six judicial days, and if Sunday is one of the intervening days, as the *act prescribed to be done* on one of the days, cannot be done on that day, Sunday is not to be counted. (National Bank vs. Williams, 46 Mo., 17.)

Sunday is not to be counted as one of the days of the term of a court. (Michie, *et al.* vs. Michie's Admr., 17 Grattan, 109, 111; Thayer vs. Felt, 4 Pick., 354; Penniman vs. Cole, 8 Met., 494; Hannum vs. Tourtellot, 10 Allen, 494.)

*Horatio D. Wood,* for Respondent.

I. The failure to file the affidavit and appeal bond before Dec. 7th, is fatal to the appeal. (Gen. Stat. 1865, Chap. 188, §§ 11, 12; Robinson vs. Walker, 45 Mo., 117–119; Bernicker vs. Miller, 37 Mo., 498.) See also Gen. Stat. 1865, Chap. 9, as to Construction.

II. The doctrine of "*dies non*" does not apply to this case. (Gen. Stat. 1865, 735, §§ 11, 12.)

The statute fixes the time at which the appeal is returnable, and directs that the appellant shall file his affidavit and bond before that time.

SHERWOOD, Judge, delivered the opinion of the court.

This was a suit before a Justice of the Peace for unlawful detainer with judgment for complainant, December 1st, 1871; but no affidavit or appeal bond filed until the seventh of that month.

The Circuit Court which was in session at the time the judgment of the justice was rendered, dismissed the appeal on the ground that it was not taken in the time prescribed by law.

The general term affirmed the judgment of dismissal and the case now comes here by appeal.

It appears from the bill of exceptions that the day on which the justice rendered judgment was Friday, and the application for the appeal presented on the following Thursday. And it is now contended by appellant that the intervening *Sunday* was *dies non* and therefore that the appeal was in time.

In other words that when the statute says *six* days, it may mean *seven*.

With equal propriety a party against whom a judgment by default was rendered before a Justice of the Peace, on Saturday the first day of the month, might contend that as *two* Sundays had intervened before the ten days allowed by law had expired, therefore a motion to set aside that default would not be too late, if filed on the 13th of that month.

So also, by like reasoning, a party on whom service was had on Friday, the last day of the month, of process returnable on the seventeenth of the month following, might claim be was not served in time for the ensuing term, because *three* Sundays had occurred between the day of the service and the return day of the writ.

The position taken by appellant is not a whit less untenable than that in the cases above supposed ; nor are the statutes applicable to those cases any more plain and unambiguous than the one under consideration.

The evident theory of appellant's argument is, that the act respecting forcible entry and detainer was designed to operate with uniformity, to give to each similarly situated appellant party, an *equal* number of days in which to perfect an appeal ; thus six days exclusive of Sundays during the sessions of the Circuit Court, and ten days, Sundays excluded, in vacation in which to do the same thing. A brief examination of sections 11 and 12 of the act referred to, will, however, incontestably show the fallacy of such position. Under those sections an appeal when taken in vacation, *may* be taken within ten days after rendition of judgment, but *must* be returnable to the *first* day of the *next* term ; so that in point of fact a party who in vaca-

tion takes an appeal, may be cut down by the operation of those sections to less than *three* days in which to thus proceed, provided a term of the Circuit Court should intervene.

The accident of Sunday intervening, has nothing to do with the proper construction of the act in question. The words of the statute respecting the number of days in which an appeal is to be perfected, are *general*, and therefore must receive a *general* construction and no exceptions, save those enumerated in that act or in acts *in pari materia* are to be allowed.

The case cited by appellant, of the National Bank vs. Williams, 46 Mo., 17, was a case resting upon the proper construction to be given that section of the Practice Act relating to motions for new trials. In that section (2 W. S., p. 1059, § 6,) the Legislature had only in contemplation the regulation of matters which must *of necessity* take place on a court day. Besides it had been expressly provided, (1 W. S., 422, § 34,) that Sunday should not be one of these days, except for the two therein enumerated purposes, that of receiving a verdict, or discharging a jury. And it must be presumed that the Leglislature had that provision, as well as the rule of the common law in that regard in mind, and therefore, in prescribing the time in which motions for new trials should be filed, meant four court days, and did not intend that Sunday which was both by the common law and the statute *dies non*, should be included in the computation. So that nothing enumerated in that case is at all applicable here ; nor can any such presumption as to the intended exclusion of Sunday, be invoked in the present instance.

As was well said, in Thayer vs. Felt, (4 Pick. 354,) a case on which appellant also relied, but, which has here no application, "The probable intention of the Legislature must govern " in cases of this sort.

Now, we have a rule for ascertaining the intention of our Legislature laid down by the Legislature itself, and it is this: "Words and phrases shall be taken in their plain and ordinary and usual sense " unless those words and phrases are "technical " and " have a peculiar and appropriate meaning in law."

But there is nothing whatever in either of the sections now under discussion, to in the remotest degree indicate that the expression "within six days" is of "technical import," or is to receive any other signification than the usual and ordinary use of those words would denote.

And again, if any further guide to the conclusion we have reached were needed, where the pathway of Legislative intention is so plain, it would be furnished by the uniform construction, in full accord with our views, which the act under consideration has always received.

For these reasons, no hesitancy is felt in the assertion, that that construction must continue to prevail, and that the phrase '*within six days*' is only susceptible of the meaning placed, upon it by the court below, whose judgment is accordingly, with concurrence of the other Judges, except Judge Wagner who is absent, affirmed.