69  212
72a 173

## BORGWALD v. FLEMING, *Appellant.*

1.  **Appeals from Justices of the Peace**: "JUDGMENT BY DEFAULT." A judgment rendered when a defendant is present, either in person or by attorney, though neither takes any part in the proceeding, is not a "judgment by default" within the meaning of these words as used in the statute providing for appeals from justices of the peace. Wag. Stat., §§ 1, 2, p. 846.

2.  **Case in Judgment.** In a suit before a justice of the peace, defendant obtained a continuance. On the day to which the case had been continued his attorney appeared and asked for a further continuance, on the ground that the date of the trial had been mistaken by the defendant, who, with his witnesses, was therefore absent. The motion being overruled, the attorney stated he had nothing further to say, and the justice having heard the plaintiff's evidence rendered judgment in his favor; *Held,* that this was not a "judgment by default" within the statute.

*Appeal from Jefferson Circuit Court.*—HON. L. F. DINNING, Judge.

Section 1 of the statute concerning appeals from a justice of the peace to the circuit court, provides : "Any person aggrieved by any judgment rendered by any justice of the peace, except a judgment by confession, may, in person or by agent, make his appeal therefrom, unless otherwise provided by law, to the circuit court of the same county where the judgment was rendered." Section 2. "But no appeal shall be taken from a judgment by default as of non-suit, unless within ten days after the rendering of such judgment, application shall have been made to the justice by the party aggrieved, to set the same aside, and such application shall have been refused."

*E. B. Cowan* for appellant.

*Philip Pipkin* for respondent.

HENRY, J.—Borgwald sued Fleming before a justice of the peace. On the return day of the summons, defendant appeared before the justice and obtained a continuance of the cause to the 19th day of February, 1876. On that day the justice called the case for trial, and defendant's attorney filed a motion, asking for a continuance, on the ground that the defendant was mistaken in the date to which it was continued, and was, therefore, absent, as were also his witnesses, and his attorney offered to get the affidavit of defendant to the effect, that "he had misunderstood the day set for trial." The justice overruled the motion, and, thereupon, defendant's attorney stated that "he had nothing further to say," and the justice having heard testimony adduced by plaintiff, gave him a judgment for $88 "in default."

Within ten days defendant applied for an appeal, without having first applied to the justice to set aside the judgment. The circuit court, to which the case was appealed, dismissed the appeal, because the defendant had not applied to the justice to set aside the judgment. If it was a judgment by default, the circuit court did not err in

dismissing the appeal. If the justices' judgment was not a judgment by default, the judgment of the circuit court must be reversed.

Section 15 of the act in relation to justices' courts, (2 Wag. Stat., p. 831,) is as follows: ".When a defendant who has been duly served with process, or when a defend-ant who has once appeared to a suit, the trial of which has been adjourned, shall neglect to appear within three hours after the return of the process, or the adjourned term, the justice shall proceed in the cause in the following manner," &c. It then proceeds to authorize the justice, if the suit be founded upon an instrument of writing, purporting to have been executed by the defendant, and is for a liquidated amount, to render judgment by default, &c. If the suit be not founded upon an instrument of writing, as specified in the preceding clause, and plaintiff appear, the justice shall hear plaintiff's allegations and proofs, and if the evidence warrant it, the justice shall render judgment by default, &c. The 17th section, page 832, authorizes the justice, on the application of defendant, to set aside the judgment by default directed in section 15.

Whatever a judgment by default at common law may have been, the judgment by default contemplated in these sections, is one rendered in a cause to which defendant has not appeared at the return day of the summons, or at the day set for trial. If defendant is present, either in person or by attorney, when the judgment is rendered, it is not a judgment by default, within the meaning of the statute, although defendant may say nothing. The statute, then substantially the same, received this construction as early as 1830, in *Thompson v. Curtis*, 2 Mo. 209, and *Thompson v. Curtis*, Ib. 230. In this case defendant appeared by his attorney and applied for a continuance. It does not appear that his appearance was in order to make that motion, and for no other purpose; and if it did, we are not prepared to say that it would make any difference. The case of *Barnett v. Lynch*, 3 Mo. 369, was one in which defendant

appeared, and there being a mistrial by a jury, it was continued, and defendant failing to appear on the day to which it was continued, judgment by default was rendered against him. This court held that before he could appeal from that judgment it was necessary for defendant to apply to the justice to set aside the judgment by default. Why it is cited by respondent is not clear to us. It certainly is not in conflict with the cases referred to in 2 Mo. Defendant in that case was not present, either in person or by attorney, when the judgment was rendered, while in those, as in this, defendant was present, either in person or by attorney. The judgment of the circuit court is reversed and cause remanded. All concur.

REVERSED.