Union Savings Association, Respondent, v. E. H. Keis-
ker et al., Appellants.

January 13, 1880.

Where an appeal cannot be taken from a justice's judgment within the time
prescribed by law, an application should be made to the Circuit Court for
a *mandamus*. An appeal granted by the justice after ten days should be
dismissed; the justice has no power to determine that sufficient grounds
exist to excuse a failure to appeal within time.

Appeal from the St. Louis Circuit Court.

*Reversed, with instructions to dismiss.*

Broadhead, Slayback & Haeussler, for the appellants :
The court below had no jurisdiction, for the reason that the
appeal was taken after the expiration of ten days. —*Holt*
v. *Varner*, 5 Mo. 386 ; *Moore* v. *Minkler*, 3 Mo. App. 596 ;
*Patchen* v. *Bonsack*, 52 Mo. 431 ; Wag. Stats. 1872, p.
847, sect. 3.

James M. Loring, for the respondent : The appeal was
properly taken according to law.— Wag. Stats., p. 848, sect.
4 ; p. 849, sect. 10.

Bakewell, J., delivered the opinion of the court.

This was an action before a justice of the peace on a
promissory note. The appeal from the justice was not
taken within ten days. The justice incorporated into his
certificate accompanying the transcript the following state-
ment : —

" And I further certify that on Thursday, October 10,
1878, the tenth and last day when an appeal in the above-
entitled cause could be taken, James M. Loring, as attor-
ney and agent of the above-named plaintiff, came to my
office for the purpose of making an affidavit and giving
bond for an appeal in said cause, as I am informed and be-
lieve, and that he was informed by a deputy-constable, an
officer in my office, that I and my clerk would be absent,
and no business would be transacted during that day, and

that by reason of my absence on said day an appeal has not been allowed; that on the morning of the day following, to wit, on October 11, 1878, affidavit was made in behalf of plaintiff, and bond· was given and duly attested, and approved by me, and an appeal is accordingly allowed."

The Circuit Court heard the cause *de novo*, and gave judgment for plaintiff.

The statute provides (Rev. Stats., sect. 3041) that no appeal, except where the judgment is by default or the appellant is a non-resident of the county, shall be in any case allowed unless it be made within ten days after the judgment is rendered; and (sect. 3046) that if, by absence of the justice, the appeal cannot be taken within the time; the court having jurisdiction of such appeal, on such fact satisfactorily appearing, may, by rule and attachment, compel the justice to allow the same.

The law requires the appeal to be taken within ten days. The mere filing of the papers in the Circuit Court at any time after the trial before the justice does not give the Circuit Court possession of the cause, or entitle either party to a trial anew. *Cason* v. *Tate*, 8 Mo. 47. The justice has no power, under the statute, to determine that sufficient grounds exist to excuse a failure to appeal within the time prescribed by law, — that every diligence has been used by appellant,— and to grant an appeal after the time has elapsed, certifying his reasons to the Circuit Court. Nor is his certificate to a fact which he is not authorized to certify any legal evidence of the fact. And if it were, the Circuit Court cannot, except on application for *mandamus*, hear evidence as to why an appeal was not taken in time, but must dismiss an appeal which the justice had no power to grant. The statute provides a remedy in case, by reason of sickness or absence, or any cause, on the part of the justice, an appeal cannot be taken within the time; and that remedy involves an examination into the ground of delay, to be made, not by the justice, but by the Circuit

Court.   It was long since decided, in *James* v. *Robinson*, 1
Mo. 426, that even where ·evidence had been taken in the
Circuit Court, on motion to dismiss an appeal granted after
the expiration of the time allowed by law, and sufficient
reason thus shown which· would have furnished grounds
for a *mandamus* to the justice to grant the appeal and to
do precisely what he had done, the appeal not having
been taken within the time prescribed by law, testimony as
to the matter brought into the Circuit Court in any other
way than by an application for *mandamus* was inadmis-
sible, and that, as the cause was presented, the Circuit
Court had no power but to dismiss the appeal.   The case
just cited is a controlling authority as to the construction
to be placed upon the statute.

The judgment is reversed and the cause remanded, and
the appeal must be dismissed in the Circuit Court.   Judge
HAYDEN concurs ; Judge LEWIS is absent.