SEMPLE & BIRGE MANUFACTURING COMPANY, Respondent, v. THOMAS THOMAS, Appellant.

June 14, 1881.

1. In an action on an open account, a justice has no power, in the absence of the plaintiff, to render a judgment in his favor upon the defendant's testimony.

2. Where a justice, having rendered a void judgment, upon due notice to both parties, resets the cause for trial, an appeal is properly taken from the second judgment.

3. Where a judgment is rendered by a justice on April 14th, an appeal taken on May 4th, is taken in time.

APPEAL from the St. Louis County Circuit Court, ED-WARDS, J.

*Affirmed.*

ZACH. J. MITCHELL, for the appellant.

GEORGE W. ROYSE, for the respondent.

BAKEWELL, J., delivered the opinion of the court on re-hearing.

The action was brought before a justice of the peace for $35.05, balance of account claimed to be due to plaintiff. On March 31st, the day named in the summons, the plain-tiff did not appear before the justice, and defendant, an-swering on oath, admitted his indebtedness in the sum of $14.97, for which amount the justice, then and there, ren-dered judgment. On the 7th of April, plaintiff moved to set aside the judgment, on the ground that he was not informed of the day of trial. The justice set aside the judgment, and granted a new trial, set the case for April 21st, and issued notice of that fact to defendant. On the 21st of April, the plaintiff appeared and testified, and the cause was taken un-der advisement by the justice until the 24th of April, when judgment was again rendered for 14.97. On the 4th of May, plaintiff filed his appeal-bond, and appeal was granted. On trial anew in the Circuit Court, there was a verdict and judgment for plaintiff for $46.36.

In the Circuit Court, defendant moved to dismiss the appeal, because no appeal was taken from the judgment rendered on the 31st of March; and because no appeal was taken from any judgment rendered in the cause.

The statute provides only two cases in which a justice may grant a new trial (sect. 2949); these are, when judg-

ment of default has been rendered against the defendant, and when judgment of non-suit has been entered against the plaintiff for failing to appear and substantiate his demand. The judgment of March 31st was rendered after hearing the testimony of defendant. Where the plaintiff does not appear, except when the suit is founded on an instrument of writing, the statute directs the justice to render judgment of non-suit, and authorizes no other judgment. Rev. Stats., sects. 2947, 2948. The judgment of March 31st, was void, being a judgment which the justice had no power to render. It was not good as a confession of judgment, for that must be in writing, signed by the defendant and filed with the justice. Rev. Stats., sect. 2986. The case, therefore, is not that presented in *Downing* v. *Garner,* 1 Mo. 751, and *Cason* v. *Tate,* 8 Mo. 45, in which the first judgment being one which the justice had power to render, his subsequent proceeding in setting it aside is regarded as *coram non judice* and void. In the case presented by the record before us, the first judgment was a nullity; the appeal was properly taken from the second judgment; and the only question is, whether that appeal was taken in time.

We held that the appeal taken on May 4th, from the judgment rendered on April 24th, was not "made within ten days after judgment rendered," as the statute provides (Rev. Stats., sect. 3041), following, as we thought, *Patchin* v. *Bonsack,* 52 Mo. 431. That was a case of appeal in forcible entry and detainer. The language of the statute applicable to such a case is, "the appeal shall be returnable within six days after the rendition of the judgment." Wag. Stats. 651, sect. 12. The judgment was rendered on Friday, December 1st, and the appeal perfected on Thursday, December 7th, that is, on the seventh day from the day of appeal, counting that day. In the case at bar, judgment was rendered on the 24th of April. Count that day, and the 4th of May, the day of appeal, is

the eleventh day. Considering that, if an appeal on the seventh day is not within six days, an appeal on the eleventh day is not within ten days, we regarded *Patchin* v. *Bonsack* as a controlling decision, cited it as such, and decided the question of time wholly on the authority of that case. As the rule of excluding the first, and including the last, day (Rev. Stats., sect. 3126, sub-sect. 4), manifestly applies to both cases, our computation would have been that the appeal was taken on the tenth day, and in time, but for the decision in what we regarded as a precisely parallel case. Since the decision was rendered, we have seen the case of *Beaudean* v. *Cape Girardeau*, 71 Mo. 393. There, it is held that, applying the rule of excluding the first, and including the last, day, and excluding Sundays, which the Constitution excepts, a bill presented to the governor on February 5th and returned by him on the 17th, is returned " within ten days." Const., Art. IV., sect. 38. That is, the eleventh day, if you count the first day, or the tenth day, if you exclude it, is within ten days. Whatever interpretation must be placed upon *Patchin* v. *Bonsack*, therefore, it is quite clear that, according to the rule laid down in the latest case, and what seems to us to be the only method of computation, excluding, as we must do, the first day, the appeal in the case at bar was taken on the tenth day, and therefore within ten days.

It follows that the Circuit Court committed no error in overruling the motion to dismiss the appeal. No other ground for reversing the judgment is suggested by counsel for appellant ; and no error appearing to warrant a reversal, the judgment will be affirmed. It is so ordered. All the judges concur.