E. J. LEITH, Appellant, v. E. B. SHINGLETON et al., Respondents.

Kansas City Court of Appeals, December 1, 1890.

Justices' Courts: SETTING ASIDE JUDGMENT: APPEAL: JURISDICTION. A justice's judgment for plaintiff showed on its face the appearance of the defendant, who afterwards appeared, filed an affidavit, and, thereupon, the justice set aside the judgment and granted the defendant a new trial. On the new trial plaintiff and defendant appeared, and the latter had judgment, and the former appealed to the circuit court, where the defendant again had judgment. Held,—

(1) The first judgment not having been by default, the justice had no authority to set it aside nor any further jurisdiction of that particular subject-matter, and the appearance of the parties did not, and could not, confer it; and said first judgment not having been appealed from stands in force, and the circuit court acquired no jurisdiction by the appeal from the second judgment.

(2) The record, the only guide of the appellate court, fails in this case to show the first judgment was by default.

(3) The first judgment being found in the justice's transcript filed in the circuit court, it became a part of the record in the cause, and is properly before the appellate court for its consideration.

*Appeal from the Cass Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

REVERSED.

*D. C. Barnett* and *J. T. Burney,* for appellant.

(1) A justice of the peace has no power to grant a new trial except in cases of nonsuit, or of judgment by default. R. S. 1879, sec. 2949; *Downing v. Garner*, 1 Mo. 751; *Cason v. Tate*, 8 Mo. 45; *City of St. Joe v. Hamilton*, 43 Mo. 282; *Weeks v. Etter*, 81 Mo. 375. The judgment rendered by the justice in the plaintiff's favor on the second day of March, 1889, and against both defendants was neither a nonsuit nor a judgment by default. (2) The appearance of plaintiff to take an appeal, and to try the cause in the circuit court, was not a waiver of his right to object to the jurisdiction of the trial court. *Downing v. Garner*, 1 Mo. 751; *Cason v. Tate*, 8 Mo. 45; *Dillard v. Railroad*, 58 Mo. 70.

*J. S. Wooldridge* and *Noah M. Givan,* for respondent, W. T. Leith.

(1) The judgment rendered by the justice on March 2, 1889, was a judgment by default, and was

properly set aside. Its recitals as to the appearance of the parties are not conclusive. R. S. 1889, secs. 6235–8 ; *Barnett v. Lynch,* 3 Mo. 369 ; *Borgwald v. Fleming,* 69 Mo. 212 ; *Eager v. Stover,* 59 Mo. 87 ; *Marx v. Fore,* 51 Mo. 69 ; *Napton v. Leaton,* 71 Mo. 367 ; *Holdridge v. Marsh,* 30 Mo. App. 356 ; *Cloud v. Pierce City,* 86 Mo. 358. ( 2 ) Plaintiff should not be permitted to claim that the said judgment was not properly set aside after entering into the trials of the cause before the justice and in the circuit court, and offering the note in evidence at both trials, and taking judgment thereon against defendant, Shingleton, and otherwise treating the case as though the judgment was not in existence. *Kennedy v. Bambrick,* 20 Mo. App. 630 ; *Henslee v. Cannefax,* 49 Mo. 295–6 ; Freeman on Judgments, secs. 332 and 217 ; *Semple v. Thomas,* 10 Mo. App. 457 ; *Wilson v. Railroad,* 87 Mo. 431 and 436. ( 3 ) The judgment is for the right party and should be affirmed. R. S. 1889, sec. 2303 ; *Gordon v. Eans,* 97 Mo. 588 ; *Fitzgerald v. Barker,* 96 Mo. 661 ; *Bassett v. Glover,* 31 Mo. App. 150 ; *Blesse v. Blackburn,* 31 Mo. App. 268. ( 4 ) Nowhere in the bill of exceptions is the alleged judgment of March 2 set out or referred to. It is not, therefore, a part of the record here although it is copied in the transcript by the clerk, and is given in the printed briefs of both the appellant and respondents, and not being a part of the record cannot be considered by the court. It is well settled in this state, that motions for new trial, not made a part of the bill of exceptions, will not be considered on appeal, though they are copied in the transcript. *Burkly v. Kobes,* 13 Mo. App. 502 ; *McCullors v. Hedges,* 20 Mo. App. 688 ; *Stevenson v. Saline County,* 65 Mo. 428.

*D. C. Barnett* and *J. T. Burney,* in reply.

Appellee in his abstract of the record ( p. 2 ) sets out the same judgment of the justice, thereby admitting that it is a part of the record. An examination of

the record as contained in the transcript on file in this court shows that the said judgment is in fact a part of the record in this cause. The record. is considered to be absolutely true, until it is corrected in the manner pointed out by law. *Stegman v. Berryhill*, 72 Mo. 307 ; *Wells v. Lea*, 20 Mo. App. 352 ; *Allen v. Claybrook*, 58 Mo. 124 ; *Christian v. Wright*, 19 Mo. App. 165 ; *Hyatt v. Wolfe*, 22 Mo. App. 191. Justice's transcript is a part of the record proper. It will not do to say that the trial court can inspect the record made by the justice for the purpose of ascertaining its jurisdiction. *Cason v. Tate*, 8 Mo. 40 ; *Busche v. Ravens*, 10 Mo. App. 579 ; *Gideon v. Hughes*, 21 Mo. App. 528 ; *McQuoid v. Lamb*, 19 Mo. App. 155 ; *Stovall v. Emerson*, 20 Mo. App. 322 ; *Rohland v. Railroad*, 89 Mo. 183 ; *Barnett v. Railroad*, 68 Mo. 65 ; *Iba v. Railroad*, 45 Mo. 475 ; *Haggard v. Railroad*, 63 Mo. 303 ; *Mastin v. Railroad*, 80 Mo. 229 ; *Hansberger v. Railroad*, 46 Mo. 198 ; *State v. Metzger*, 26 Mo. 66.

ELLISON, J.—This action originated before a justice of the peace, who rendered a judgment for the plaintiff. This judgment shows upon its face an appearance of defendants and a trial on March 2, 1889. Afterwards, on March 11, one of the defendants, as shown by the following entry, " appeared and filed affidavit to set aside the judgment in this cause, and, having shown good cause therefor and paid all costs that have accrued up to this time, it is ordered that said judgment be set aside and a new trial granted defendants." On the day set for the new trial, plaintiff and defendants appeared, went into another trial, upon which defendants recovered a judgment against plaintiff upon a set-off, and plaintiff, in due time, appealed to the circuit court. In the latter court defendants again prevailed, and plaintiff brings the case here. His chief ground of complaint is that, the first judgment not having been by default, the justice had no authority to set it aside and grant a new

trial, and that the circuit court had no jurisdiction of the cause.

Since plaintiff appeared to the second trial before the justice and contested the issues anew, our first impression was, he was bound by the proceedings, but the precise point has been twice otherwise decided by the supreme court. *Cason v. Tate*, 8 Mo. 45; *Downing v. Garner*, 1 Mo. 751. It seems that, as the justice had no authority to set aside the first judgment, that he had no further jurisdiction of that particular subject-matter, and the appearance of the parties did not, and could not, confer it. It follows that the first judgment rendered for plaintiff by the justice, not having been appealed from, stands in force.

Defendants contend that the full record of the proceedings before the justice shows the first judgment to have, in fact, been by default, and that, therefore, the justice had authority to set it aside as provided by statute. Such, however, is not shown by the record here, which is, of course, our only guide.

The further point is urged that we cannot consider the first judgment rendered by the justice; it being contended that it is not properly a part of the record, notwithstanding it has been incorporated in the record by the circuit clerk. We rule the point against the defendants. The judgment is found in the justice's transcript filed in the circuit court. It became a part of the record in the cause, and is properly before us.

The judgment, with the concurrence of all, is reversed.