## J. S. RECHNITZER, Defendant in Error, v. MISSOURI KANSAS & TEXAS RAILWAY COMPANY, Plaintiff in Error.

### St. Louis Court of Appeals, January 15, 1895.

1. **Justices' Courts:** SUFFICIENCY OF STATEMENT OF CAUSE OF ACTION. A statement of the cause of action in a suit instituted before a justice of the peace, which apprises the defendant of the nature of the suit and is sufficient to bar another action for the same cause, is adequate for jurisdictional purposes.

2. ———: JURISDICTION OVER FOREIGN CORPORATIONS. The general grant of jurisdiction conferred on justices of the peace by section 6123 of the Revised Statutes covers suits against foreign as well as domestic corporations.

3. ———: ATTACHMENTS: ABSENCE OF PLEA IN ABATEMENT. When the defendant, in an action by attachment, commenced before a justice of the peace, fails to file a plea in abatement either before the justice or in the circuit court on appeal, he confesses the grounds of attachment.

*Error to the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Joseph M. Bryson* for plaintiff in error.

*Rufus J. Delano* for defendant in error.

BOND, J.—On the ninth of March, 1893, the defendant in error sued the plaintiff in error by its full name before a justice of the peace, in the city of St. Louis, and filed the following statement as its cause of action:
"M., K. & T. R. R. . To advertisement as per contract, August 28th, 1892, to January 1, 1893, $84."

On the same day the plaintiff also filed his bond and affidavit for an attachment against the railway company, alleging as ground for attachment that the defendant was a nonresident of the state of Missouri.

There was service of a summons on the defendant, which would have been insufficient but for the defendant's subsequent appearance and appeal from the merits. Defendant gave a forthcoming bond to the constable, who thereupon released the property attached under the writ. On the trial defendant made no appearance before the justice, and judgment was rendered against it for the sum claimed. Defendant made a special appearance to move to set aside this judgment, which was overruled; whereupon defendant appealed to the circuit court. The following proceedings in the case appear of record in that court under date of November 27, 1893:

"Now come said parties by their respective attorneys, and, waiving a jury, submit this cause to the court upon the evidence and proofs adduced, and the court, having heard and considered the same, doth find for the plaintiff in the sum of $84, with interest thereon at the rate of six per cent. per annum from March 9, 1893, until paid."

The court rendered judgment according to the above finding. No motion for new trial nor bill of exceptions was filed. The case is brought here by writ of error. Unless there is reversible error on the face

of the record proper, there is no question for review in this court.

The statement, *supra*, before the justice was sufficient to apprise defendant of the nature of this suit and bar another action. It is not, therefore, subject to objection in this court. If there was any defect in the service of process upon defendant, it has been cured by defendant's appeal from the decision of the justice on the merits of the case and its *general* appearance on the trial of the case *de novo* in the circuit court. R. S. 1889, sec. 6339; *Rice v. Railroad*, 30 Mo. App. 110. The circuit court was thus possessed of full jurisdiction of the parties. It had jurisdiction of the subject-matter, because it was within the jurisdiction conferred upon the justice by law. R. S. 1889, sec. 6123. The general grant of jurisdiction in that section covers foreign as well as domestic corporations of all kinds. The plaintiff in error contends that the last clause of that section by implication excludes foreign railroad corporations; this, however, is a mistake. That clause merely extends the jurisdiction of justices as to amount in certain cases, without in any way restricting such jurisdiction as determined by the character of the defendant.

Appellant insists that it was improperly taxed with the costs of the attachment before the justice. We are precluded from passing on this point by the state of the record. No plea in abatement was filed to the attachment, either before the justice, or in the circuit court. *Hubbard v. Quisenberry*, 28 Mo. App. 20. This amounted to a confession of the grounds alleged for the attachment. *Musgrove v. Mott*, 90 Mo. 108. We must, therefore, assume, in the present state of the record, that the evidence before the circuit court warranted the findings of the judge who tried the case. The judgment will be affirmed. All concur.