JAMES K. LANGFORD, Appellant, v. THE CITY OF DONIPHAN, Respondent.

St. Louis Court of Appeals, February 26, 1895.

Justices' Courts: JURISDICTION OF JUSTICE TO VACATE JUDGMENT. A justice of the peace has no power (in an ordinary action) to vacate a judgment, unless it be a judgment by default or nonsuit.

*Appeal from the Ripley Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*C. D. Yancy* for appellant.

*Thomas Mabrey* for respondent.

ROMBAUER, P. J.—This case comes here on a second appeal by the plaintiff. On the first appeal we reversed the judgment and remanded the cause, because the record disclosed that the court sustained an oral plea of another action pending, without hearing any evi-

dence to sustain it (53 Mo. App. 62). Upon retrial of the cause the court heard evidence in support of the plea, and found that it was sustained as a plea of former adjudication, and dismissed the action. The only question now presented for our consideration is whether the evidence adduced was legally sufficient to sustain either a plea of another action pending or a plea of former adjudication, because, if it was sufficient in either respect, the plaintiff has no cause to complain of the action of the court.

It appeared in evidence that, prior to the institution of the present suit, the plaintiff had brought an action against the village of Doniphan, of which the defendant is the legal successor, to recover for the identical services sued for herein. The former action was instituted before the same justice of the peace as the present one, and a jury was empaneled therein which brought in a verdict for the plaintiff for $1. The defendant thereupon moved the justice to set aside the verdict, because the jury was not duly sworn to properly try the issues, and that the case be dismissed at the costs of the plaintiff. Touching the disposition of this motion, the justice's docket entry recites, "which motion was sustained by the court (if it be the law)." The justice, evidently being in doubt whether he had power to set aside a verdict, tried to make his action conditional by attaching a string to his judgment, so to speak. Nothing further was done in that case, and the plaintiff thereafter instituted the present suit on the same cause of action.

From the foregoing it will appear that the plaintiff has no cause of complaint. A justice of the peace has no power to vacate a judgment; unless it be a judgment by default or nonsuit. R. S. 1889, sec. 6237; *Downing v. Garner*, 1 Mo. 751; *Cason v. Tate*, 8 Mo. 45; *Leith v. Shingleton*, 42 Mo. App. 449. The

verdict of a jury had the effect of a judgment as soon as the justice entered it upon his docket. *Rutherford v. Wim*, 3 Mo. 14; *Hazeltine v. Reusch*, 51 Mo. 50; *Munday v. Clements*, 58 Mo. 577. If the plaintiff desired to prosecute his suit further, he should have appealed from the first judgment, which in contemplation of law was a final judgment, and which remains a final judgment notwithstanding the justice's unauthorized action in attempting to set it aside. The only remedy the plaintiff has, since more than three years have elapsed since the redition of this judgment, is to have the same revived under the provisions of section 6291 of the Revised Statutes, 1889, and to sue out an execution on the judgment thus revived.

All the judges concurring, the judgment is affirmed.