THE STATE OF MISSOURI *ex rel.* J. M. SHENAULT, Respondent, v. GEORGE H. HOPPER *et al.*, Appellants.

Kansas City Court of Appeals, November 22, 1897.

1. **Justices' Courts**: ATTACHMENT: PLEA TO THE MERITS. Where defendant in an action brought by attachment in a justice's court appears and proceeds to trial on the merits without denying the allegations of the affidavit, he confesses the matters so alleged.

2. ———: DEFAULT: NEW TRIAL. Where in a justice's court the defendant appears and pleads to the merits and then withdraws and a jury renders a verdict against him, the judgment is not by default and the justice has no power to grant a new trial.

3. ———: ———: SETTING ASIDE: FORMER JUDGMENT. Where there is an appearance, the irregularity of the justice in entering the judgment, as by default, will not warrant the setting aside the verdict of the jury and the granting of a new trial.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED AND REMANDED.

*J. C. Gillaspy, Webster Gordon* and *John Cosgrove* for appellants.

(1) That there was an appearance in justice's court by respondent will not be denied. No matters in abatement were set up either orally or in writing. The matter in abatement was waived, and the appearance was necessarily to the merits. *Fordyce v. Hathorn,* 57 Mo. 120; *Cannon v. McManus,* 17 Mo. 345; *Little .v. Harrington,* 71 Mo. 390; *Musgrove v. Mott,* 90 Mo. 109. (2) A judgment entered upon a verdict of a jury is one which can not be set aside by a justice of the peace. The justice has no authority to grant a new trial when a jury rendered a verdict in the case. *Cason v. Tate,* 8 Mo. 45. The withdrawal of defendant could not convert a judgment rendered in a cause where there was an appearance and trial by a jury into a judgment by default. *Borgwald v. Fleming,* 69 Mo. 212.

SMITH, P. J.—This is an action which was brought on an attachment bond. There was a trial and judgment for the relator and the defendants appealed.

It appears from the record that the defendant Hopper commenced a suit by attachment against the relator before a justice of the peace. The property of the relator—defendant in the attachment—was seized under the writ. It appears from the justice's docket that there was a general

STATEMENT.

appearance by relator to the action on the return day of the writ. It also further appears that a jury was sworn to try the cause on the merits, after which the relator asked leave to file a plea in abatement, which being by the justice refused relator thereupon withdrew from the case. It further appears that the verdict of the jury was for the plaintiff. The docket further recites that "the defendant comes not but makes default, and it appearing from the evidence produced by the plaintiff that he is entitled to recover of the defendant, etc., the justice doth adjudge that plaintiff recover of defendant the sum so found with costs in this behalf expended and that he have thereof execution." It further appears that subsequently the justice, on motion of the relator, set aside the judgment. There were no further steps taken in the case by either party before the justice of the peace.

As the relator did not put in issue before the justice the facts alleged in the affidavit for the attachment by his verbal plea in the nature of a plea in abatement, but on the contrary proceeded to trial on the merits without doing so, he thereby confessed the matters alleged in the said affidavit for the attachment. *Musgrove v. Mott*, 90 Mo. 107; *Richnitzer v. R'y*, 60 Mo. App. 409.

*Justices' courts: attachment: plea to the merits.*

It is quite true that the judgment rendered by the justice was irregular in form, but after the relator had appeared to the action, as has been seen he did, it was not within the power of the justice to render a judgment by default. The statute only authorizes a judgment by default when the defendant, who has been duly served with process, shall neglect to appear within three hours after the return of the process. R. S., sec. 6235; *Borgwald v. Fleming*, 69 Mo. 212. The judgment was not by default and it was

*——: default: new trial.*

not therefore within the power of the justice to set the same aside. R. S., sec. 6237. It has been for a long while settled in this state that a justice of the peace can not grant a new trial after a verdict by a jury. *Cason v. Tate*, 8 Mo. 46; *Downing v. Garner*, 1 Mo. 751; *Rutherford v. White*, 3 Mo. 14; *Weeks v. Etter*, 81 Mo. 375. The action of a justice in granting a new trial or setting aside a judgment other than that by default is *coram non judice.*

Now since it sufficiently appears that the relator appeared to the action of attachment and proceeded to the trial of the cause on the merits, he must be held to have confessed the grounds thereof alleged in the affidavit, or which is in effect the same thing, to have waived his right to plead in abatement. This is the effect of his action both at common law and under our practice act. *Fordyce v. Hathorn*, 57 Mo. 120. How can it be said there was a breach of the condition of the bond when the relator confessed the grounds of the attachment, and especially so since there was a subsequent judgment for the plaintiff on the merits?

The judgment, it is true, was improper in form, still it was for the plaintiff and could not be set aside by the justice. The mere fact that the justice chose to designate the judgment as one of default did not, by any means, make it such. There was an appearance and trial by a jury on the merits, and consequently the judgment could not be by default. It seems to us quite clear that the trial court erred in refusing the defendants' instruction in the nature of a demurrer to the evidence.

The judgment must accordingly be reversed. All concur.