GEORGE H. HOPPER, Executor, etc., Respondent, v. HAYS, WINTERBOWER & SIMS, Appellants.

Kansas City Court of Appeals, February 5, 1900.

1. **Contracts: CONSTRUCTION OF: LANDLORD AND TENANT.** Defendants in writing agreed to ship certain wheat raised by plaintiff's tenant and to hold the money until rent had been satisfied. In several ineffective proceedings against the tenant to recover the rent, plaintiff garnished the defendants. Held, the true meaning of the instrument is that the money was to be held by the defendants instead of the wheat on which the landlord had a lien for his rent, and the plaintiff so construed it by his garnishment of the defendants in his former suits.

2. **Conversion: LANDLORD AND TENANT: MISAPPLICATION OF RENT MONEY.** Where defendants holding money to secure the rent apply the same on the debt due them from the tenant, they thereby convert the landlord's security and are liable in damages therefor.

3. ———: **LIMITATION.** A conversion occurred January 16, 1894, and suit brought April 15, 1898, was in good time even if the five year's limitation and not the ten year's applied.

Appeal from the Cooper Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*J. W. Jamison* and *W. M. Williams* for appellants.

(1) This suit can not be maintained on the ground that a landlord has an action against one who purchases the crops raised on the leased premises with notice of the existence of the landlord's lien. The case at bar does not come within the principle announced in Dawson v. Coffey, 48 Mo. App. 109, and the others of like character. The statute of limitations of five years would clearly bar such an action. (2) If

defendants are liable to plaintiff upon any other ground, it must be based upon a contract upon their part to pay said money to plaintiff's decedent.    No contract to pay the money to be received for the wheat to Hopper is expressed in, or can be implied from the writing dated September 10, 1892. The wheat belonged to Chenault, and was delivered to appellants by him.    Hopper had a lien upon it for his rent. There was a dispute about the amount of rent due.    Appellants agreed to hold the money for the wheat until the rent should be satisfied.    It was evidently not intended that the money should be paid to Hopper by appellants.    They did not promise to do so.    If such was the understanding, why did not Hopper sue them instead of instituting action by attachment against Chenault and summoning them to answer garnishments as Chenault's debtors?    (3)    Plaintiff's case was barred by the statute of limitations of five years and the court erred in refusing the third declaration of law asked by defendants.    Menefee v. Arnold, 51 Mo. 536; Bishop on Contracts, sec. 164.    (4)    It has never been determined what amount, if any, Hopper is entitled to recover from Chenault, on account of the dispute between them. The jury in the first suit before the justice, rendered a verdict for the plaintiff without fixing any amount.    It is only where the jury find that some amount is due the plaintiff that the justice is authorized to enter a judgment in his favor upon said verdict.    2 R. S. 1889, sec. 278; Oates v. Nickell, 42 Mo. 169; Poulson v. Collier, 18 Mo. App. 585; Burghart v. Brown, 60 Mo. 24.

*John Cosgrove* and *James W. Cosgrove* for respondent.

(1)    The question to be determined is:    Does the writing sued upon come within the provisions of section 6774, R. S. 1889?    It is not disputed but that this suit was instituted within ten years after execution of the writing sued

upon; which writing was, in legal effect, a promise by Hays, Winterbower & Sims to pay Hopper the amount of money realized from the sale of the 178 sacks of wheat. Reyburn v. Casey, 29 Mo. 129; s. c., 31 Mo. 252; Moorman v. Sharp, 35 Mo. 283; Shelton et al. v. Wyman et al., 1 Mo. App. 130; Carr v. Thompson, 67 Mo. 472; Bridges v. Stephens, 132 Mo. 549. (2) Hays, Winterbower & Sims by the execution of the writing sued upon assumed the payment of the rent due from Chenault to Hopper to the extent of the amount realized from the sale of the 178 sacks of wheat. Hopper had a lien under section 6376, Revised Statutes 1889 on the wheat. This lien continued for eight months and allowed Hopper to follow the crop in the hands of Hays, Winterbower & Sims. Knox v. Hunt, 18 Mo. 243; Sanders et al. v. Ohlhausen, 51 Mo. 163; Dawson v. Coffey, 48 Mo. App. 109; Wayman v. Jones, 58 Mo. App. 313. (3) Appellants' construction of the contract sued upon is preposterous. According to it the agreement "to hold the money for said wheat until the rent has been satisfied" would permit them to forever withhold it from respondent.

ELLISON, J.—The following, taken substantially from the appealing defendant's statement, and being substantially made up from the agreed statement of facts, is a sufficient history of the present case.

James C. Hopper, whose executor brings this suit, rented sixty-two and one-half acres of land to J. M. Chenault, for a term ending January 1, 1893. The rental agreed upon was four dollars per acre, which was to become due on the date above mentioned. Wheat and corn were to be grown upon the land.

Chenault raised wheat upon a part of the land, which he harvested in the summer of 1892. A controversy arose between him and Hopper concerning a deduction which Chenault claimed on account of an overflow of that part of the land

planted in corn. The wheat was ready to be shipped, and on the tenth of September, 1892, 178 sacks were delivered by Chenault to the firm of which the defendants were members, and they executed a writing in these words:

"We agree to ship 178 sacks of wheat from Terrapin Island, raised by J. M. Chenault on J. C. Hopper's farm and to hold money for said wheat until rent has been satisfied.

"Hays, Winterbower & Sims."

The wheat was shipped by appellants to St. Louis, on the thirteenth day of September, 1892, and they received $235 for it. This suit, which was not begun until April 15, 1898, is to recover said $235 and interest thereon.

Hopper, on the twenty-third of September, 1892, instituted a suit by attachment before a justice of the peace, to recover said rent, and in that suit H. Clay Sims and W. L. Hays, defendants, were summoned as garnishees. The case came on for trial on the eighth of October, 1892, and after the jury had been sworn, the defendant offered to file a plea in abatement, which the justice refused, and the defendant declined to appear further in the case. The jury returned a verdict in these words: "We, the jury find for the plaintiff." No amount was stated in the verdict. The judgment of the justice recites that it appearing from the evidence that plaintiff was entitled to recover $244, it was adjudged by the justice that he have and recover of the defendant said amount with his costs. The defendant afterwards filed a motion to set aside the judgment, claiming that it was rendered by default. This was sustained, and the case set for the twenty-ninth of October, 1892. The plaintiff failed to appear at that time, and the justice nonsuited him. No further steps were ever taken in that case. No judgment was rendered against the garnishees.

Hopper then instituted a new suit by attachment in the circuit court of Cooper county, returnable to the January

term, 1893, to recover the rent which he had sued for before the justice of the peace in the action above mentioned. A writ of attachment was issued, and the appellants were summoned as garnishees. Hopper's deposition was taken in that case, and he stated that the justice would not issue an execution on the judgment of October 8, 1892, but attempted to set aside the verdict of the jury and the judgment, and to grant a new trial of the case, and that he (Hopper) ignored the justice, and brought this new suit in the Cooper circuit court. Interrogatories were filed in that case, addressed to Hays, Winterbower & Sims, the appellants in this suit, and who had been summoned, as above mentioned, as garnishees. These interrogatories were filed January 14, 1893. Chenault appeared, and upon his motion the writ of attachment was quashed, and the suit was subsequently dismissed.

Hopper subsequently instituted another suit in a justice's court, for the recovery of the rent, and failed to secure a judgment against Chenault in that action.

Chenault was indebted to Hays, Winterbower & Sims, in January, 1894, in the sum of $658, and on the sixteenth of that month Chenault directed them to give him credit for said $235, the money realized on a sale of the wheat by defendants, which they did.

Chenault sued Hopper upon the attachment bond, given in the first suit instituted before the justice of the peace. This court held that the judgment rendered by the justice was not a judgment by default, and that he had no right to set the same aside. State ex rel. v. Hopper, 72 Mo. App. 171.

On April 15, 1898, Hopper having died, his executor brought this suit to recover the amount received on the thirteenth of September, 1892, by appellants for the 178 sacks of wheat, referred to in the writing hereinbefore set out. Defendants denied all liability, and pleaded the statute of limitations of five years. The facts were undisputed, and a jury trial was waived.

The court at the instance of the plaintiff, and over the defendant's objection, gave a declaration of law that upon the agreed facts the finding should be for the plaintiff, for the amount of money received by Hays, Winterbower & Sims for the 178 sacks of wheat, with interest thereon at six per cent from the commencement of the suit, and refused four declarations of law asked by defendants, declaring that the verdict of the jury, in the first case before the justice of the peace, having failed to find any amount in favor of the plaintiff, the judgment of the justice was void; that under the evidence in the case at bar the plaintiff could not recover; that the cause of action was barred by the statute of limitations of five years, and that the money for the wheat, after it had been received by Hays, Winterbower & Sims was due and owing to Chenault, and was not the property of Hopper, and that he could not recover it in a direct suit for the money against these defendants, but should resort to garnishment proceedings.

The court rendered judgment for the plaintiff for $246.05.

Defendants object to the judgment on the ground that the writing executed by defendants, which is above set out, is not an obligation on defendants' part to pay anything to plaintiff's intestate. That it is merely an agreement made with the consent of the landlord and tenant, whereby defendants, being permitted to ship and sell the wheat on which the landlord had a lien for rent, agreed to hold the money received for it until the tenant should pay the rent, or until the rent could be made out of it. We are inclined to take that view. The wheat was subject to the landlord's lien for the rent which was not yet due. It was therefore agreed that it might be sold and the money held by defendants in its stead. This must be the meaning of the writing. It is evidently the meaning plaintiff's intestate placed upon it for, in the several suits he brought prior to the present one, he sued the tenant

and garnished the present defendants as having money in their hands belonging to the tenant.

So, therefore, treating defendants' written agreement as a contract to hold the money until plaintiff's rent was paid, we yet consider them liable to plaintiff as adjudged by the trial court for the reason that among other things appearing in the agreed statement of facts, is this: That the tenant being indebted to defendants in other distinct transactions, the latter appropriated this money, which they agreed to hold for plaintiff's benefit, as a credit on their account against the tenant. This was already an unwarranted proceeding on their part and in effect was a conversion of plaintiff's security, which they had agreed to preserve inviolate, and for which they are unquestionably liable in damages.

This unauthorized act of defendants was committed on January 16, 1894, and was within five years of the bringing of this action, so that if we accept defendant's theory that the five year and not the ten year statute of limitation applies, the action is still not barred.

The judgment will therefore be affirmed.    All concur.