UTICA,
Aug. 1825.

Ex parte
Shethar.

*Dr. nisi prius record, fol. 4 and engrossing,* 　$1 26
*Enrolling pleadings thereon, fol. 225 at 1s.* 　28 12½

These were allowed, although the cause had once been carried down at a previous Circuit, when a *nisi prius* record was prepared.

The plaintiff was also allowed *per folio* for engrossing the defendants' notice of special matter in their defence, upon the *nisi prius* record.

---

### *Ex parte* SHETHAR.

If the court of common pleas, at any stage of a proceeding upon appeal from a justice's court, become satisfied that the statute (sess. 47, ch 236, s. 36,) was not complied with in bringing the appeal, they may refuse to proceed; as where, on the trial, they are satisfied that the appeal bond was executed without authority.

In this and the like cases, they are without jurisdiction

MOTION for a mandamus to the Judges of Allegany C. P. commanding them to vacate a rule dismissing an appeal to them from a Justice's Court, brought by Shethar against Crook. The cause proceeded to trial, and after the appellant, Shethar, who was plaintiff before the justice, had gone through with his evidence to the jury, the appellee objected that the appeal bond purported to have been executed by Shethar, by his attorney. The justice had endorsed his approval of the security. The appellee insisted that the Court should not proceed without proof of the attorney's authority to execute it; to which it was answered that the justice having approved the security, the Court became possessed of the cause, and should hear no evidence except what was pertinent to the issue; but the Court directed that unless the appellant proved the authority of the attorney, they

should dismiss the appeal ; and no proof being produced, they discharged the jury.

Keep
v.
Tyler.

*F. Tracy,* for the motion.

*Curia.* We think the Court below were right in refusing to proceed. They may inquire into their authority or jurisdiction at any stage of the proceedings. The statute, (sess. 47, ch. 238, s. 36,) under which this appeal was brought, is peremptory that the appeal shall not be received or be of any force or effect unless a bond is given, and the other accompanying requisites complied with. A bond, good in form merely, without any power to execute it, is void, and as nothing ; the Court would be without jurisdiction, and a trial would be a nugatory thing, *coram non judice.* The case is within the principle of *Ex parte Chryslin,* decided last February term ; (4 Cowen's Rep. 80 ;) and the motion must be denied.

Motion denied.