Wash, J.,
delivered the opinion of the Court.
This was an action commenced by the plaintiff in error against the defendant in error, before a Justice of the Peace, in which the plaintiff recovered a judgment, from which the defendant prayed an appeal on the day of trial to the Circuit Court; which, for causes stated in the record, (hut which need not be here enumerated,) was not taken until after the expiration of the time prescribed in the statute for the taking appeals. In the Circuit Court a motion was made to dismiss the appeal, which was overruled; and on the trial in said Court, the plaintiff offered in evidence to support his written statement or cause of action, which was in the following words: “ State of Missouri, county of Lincoln, and township of Bedford, ss. — Phineas James, who sues to the use of Abraham Stewart, complains of William II. Robinson, for this: that the said William H. Robinson heretofore, to wit, on the twenty-third day of December, in the year of our Lord one thousand eight hundred and nineteen, to wit, at the township and county aforesaid, by Ills certain deed of that date, acknowledged to he due from him to the said Phineas the sum of thirty-eight dollars, and that the same should be paid on the twenty-third day of January, in the year of our Lord eighteen hundred and twenty, and that, although often requested, he has never paid said sum of money to said Phineas,” &c. A paper, in the words and figures following, to wit: “Due Phineas James thirty-eight dollars, to be paid the twenty-third January, eighteen hundred and twenty, that being the time the note he signed to me on Henry Hight is due. It is also observed that the aforesaid sum is to be paid out of the amount arising from-Higlit’s note, signed to me by said James, and I bind myself to collect the money of Henry Hight as soon as practicable. Given under my hand and seal this twenty-third day of December, 1819. (Signed,) WILLIAM H. ROBINSON, [seal,]” was offered in evidence.
To the reading of which paper in evidence the defendant objected, and his objection was sustained by the Court, and the evidence excluded. Thereupon there was a verdict and judgment for the defendant, to reverse which judgment the plaintiff in error prosecutes this writ.. For the plaintiff in error two points are relied.on: First, *426 that the Circuit Court erred in overruling the motion to dismiss the appeal; and' second, that the Circuit Court erred in refusing the paper offered in evidence to the jury in support of the statement and cause of action, as set forth by the plaintiff.
For the defendant it is contended, that evidence taken in the Circuit Court, on the motion to dismiss the appeal, shows a good and sufficient reason why the appeal was not taken, and the recognizance entered into within the period prescribed by law, and would have furnished good grounds for a mandamus to the Justice, to compel him to do precisely what he had done ; and that having done right, the reasons, right or wrong, upon which he acted are not to be inquired into, nor the act to he rescinded. To this it may be answered, that the mode of correcting the errors that may be committed by Justices of the Peace, is clearly defined by law. It may be that the Justice of the Peace erred in this case before the Court, but the mode adopted-by the Circuit Court to establish the fact, is unknown to the law. As the cause was presented, the Court had no power but to dismiss the appeal, because it was not taken within.tweníy.daí's'after the judgment was rendered by the Justice. If the fact be that the appeal (which was prayed for on the day of trial) was refused for any insufficient reason, the proper remedy was by mandarme, to compel the Justice to do his duty, and testimony brought into that Court in any other way, is, in the opinion of this Court, inadmissahle. On the second point it is contended by the plaintiff’s counsel, that the cause of action is founded on a single bill obligatory for the unconditional payment of a sum of money. The deféndant’s counsel thinks the obligation to pay is incurred only on the collection of money from Hight. As the Court thinks the cause was not properly before the Circuit Court, it is not material that this Court should decide on the legal import of the writing, but as it may affect the future conduct of the parties, we will say that we think the promise to pay is unconditional, and that the maker is bound to pay on the day mentioned in the writing.
The judgment of the Circuit Court is reversed, and the cause directed to be sent back that Court; and it is the opinion of this Court that the case be dismissed from, die docket of the Circuit Court, and the plaintiff allowed his costs..