KEIM *vs.* DAUGHERTY.

1. The 27th section of the act of January 28th, 1839, concerning "forcible entry and detainer," (session acts of 1838, '39, p. 48,) makes it the duty of the appellant himself to file the transcript of the justice's proceedings, on or before the return day of the appeal, and his failure to do so gives the appellee the right to produce the transcript, and have the judgment of the justice affirmed. And where the judgment is thus affirmed, a writ of restitution may be issued from the Circuit Court.— See same act, sec. 34, 41.

2. A. brought an action of "forcible entry and detainer" against B., in the township of C. On the trial, the jury being unable to agree, were discharged, and the cause, on motion of A., was removed to another township in the same county : *Held,* That there was no error in the removal of the cause, as the jurisdiction of the justice was co-extensive with the county.— See Rev. Stat., 1835, title, "Forcible Entry and Detainer," sec. 5, p. 278, and "Justices' Courts," art. 1, sec. 6, p. 348.

APPEAL from Platte Circuit Court.

JONES *and* HICKMAN, *for Appellants.*

1. Archibald Hill, being a justice of the peace for Preston township, had no right to try the case in Platte city, that being in Carroll township, and consequently beyond his jurisdiction. To show that he had no jurisdiction, authority is deemed unnecessary, as the power is nowhere given to him by the statute to try the case in a different township from his own.

2. The Circuit Court has no power to enter any judgment in this case, except such as is directed by the 27th section of the statute of 1839, p. 48. There the Circuit Court is only authorized to affirm the judgment of the justice on the production of a transcript by the appellee. But in this case the court has not only affirmed the judgment of the justice, but entered up a judgment of its own in the case, which is not authorized by the statute.

3. The court ought to have permitted the defendant, Keim, to have filed the transcript and the papers in the case, for the cause shown in his affidavit.— See statutes of 1835, p. 49, sec. 27.

4. If the justice had no jurisdiction to try the case out of his own township, judgment rendered by him is void, and the judgment of the Circuit Court is also void.

5. The Circuit Court ought, upon the application of Keim, to have set aside the affirmances of the judgment of the justice.

The Supreme Court will notice errors apparent upon the record and proceedings below, whether a bill of exceptions is filed or not. (1 Mo. Rep., 187; 5 Mo. Rep., 112; 7 Mo. Rep., 285.) The Supreme Court will notice errors such as would have been fatal on motion in arrest of judgment.— 6 Cranch, 221.

S. L. LEONARD *and* E. L. EDWARDS, *for Appellee.*

1. The Circuit Court did not err in affirming the judgment of the justice.—See Session Acts 1838, '39, "Forcible Entry and Detainer," sec. 27.

2. Actions of forcible entry and detainer may be tried by any justice of the peace of the county, and the proceedings in such cases need not necessarily therefore be confined to any particular township in such county.—Revised Code, 1835, p. 278, sec. 5, p. 348, sec. 6.

3. The appellant having filed no bill of exceptions, the Supreme Court will presume that the Circuit Court decided correctly.—See Crane *vs.* Taylor, 7 Mo. Rep., 285, and authorities there cited.

TOMPKINS, *J., delivered the opinion of the Court.*

William H. H. Daugherty sued out a writ of forcible entry and detainer against Daniel Keim, to appear before a justice of the peace for Preston township, in the said county of Platte. The parties appeared, and the case was submitted to a jury, who, being unable to agree in their verdict, were discharged by the justice. Afterwards, on the motion of Daugherty, the plaintiff, the cause was removed to Platte city, in another township, to wit, Carroll township.

Keim objected to this removal, but was overruled, and the cause removed. The trial took place at Platte city, both parties appearing; and Keim moved to dismiss the case, because the justice (as he said) had no right to remove the cause; his motion was overruled, the trial took place, and a verdict was found and judgment rendered for Daugherty. From this judgment Keim appealed.

Afterwards, on the second day of the July term of the Circuit Court of Platte county, Daugherty filed a transcript of the proceedings before the justice of the peace in that court, and moved to affirm the judgment of the justice.

The Circuit Court affirmed the judgment of the justice. Keim then filed his affidavit, stating that some months before he had applied to the justice, before whom the case was tried, for the papers in the case, that he might take them to the Circuit Court, and that he was informed by the justice that it was his (the justice's) duty to file them, and that he would attend to it, and that he, Keim, on the faith of this promise of the justice, had trusted to him to file the transcript.

There was no bill of exceptions taken to preserve either this or another motion to set aside the affirmance of the judgment of the justice by the Circuit Court. But the 27th section of the act of 1839, p. 48, makes it the duty of the appellant himself to file the transcript of the justice's proceedings on or before the return day of the appeal, and if he fail to do so, it gives to the appellee the right to produce the transcript, and to the court the power to affirm the judgment, unless appellant filed a transcript before motion to affirm is made, or the appellant showed good cause for his default. The cause of his default, even if it had been shown in a bill of exceptions, is not good.

Two other reasons for a reversal of the judgment of the Circuit Court have been urged —

1. That a justice for Preston township cannot try a cause of forcible entry and detainer in Carroll township.

2. The 27th section, above-cited, gives to the Circuit Court the power to affirm *only*, and that court has ordered a writ of restitution and execution.

To begin first with the second reason for reversing the judgment, the 41st section of the act of 1839, p. 49., declares, that "the Supreme and Circuit Court respectively shall have power to issue writs of restitution or re-restitution, or executions with clauses to that effect, as occasion may require, to enforce their judgments in any case arising under this act, or the act to which this is an amendment. By the 34th section of the same act it is provided, that when the appeal is *dismissed*, a certificate of such dismissal shall be made and certified to the justice, who shall therefore issue execution without delay. This is the only case in which the Circuit Court is authorized to send the case back to the justice, and upon the principle that, *expressio unius est exclusio alterius*, it may be inferred, that in every other case the Circuit Court must retain the cause, and carry its judgment into effect.

The action of forcible entry and detainer, or of forcible detainer, may be tried before any justice of the peace of the county in which such act is committed. (See the act concerning forcible entry and detainer, in Digest of 1835, p. 278, sec. 5.) And the act to establish justices' courts, &c., declares, that every justice of the peace shall have jurisdiction co-extensive with the county for which he shall be elected or appointed; (Digest of 1835, p. 348, art. 1, sec. 6;) so that it appears the Circuit Court committed no error, either in refusing to set aside the judgment of the justice, because the cause was tried in Carroll township, or because it issued a writ of restitution and execution.

The judgment is, then, affirmed.