JOHN L. BERNICKER, Respondent, v. WENDELIN MILLER, Appellant.

*Justices' Courts—Appeals.*—When an appeal is taken from the judgment of a justice of the peace during the term of the Circuit Court, the transcript and papers must be filed in the Circuit Court within six days after the rendition of the judgment—R. C. 1855, p. 797, § 12.

*Appeal from St. Louis Land Court.*

*Morehead,* for appellant.

*Gardner*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

This was an action for unlawful detainer, commenced before a justice of the peace in St. Louis county. The trial before the justice was had on the 11th day of April, 1864, and the plaintiff obtained judgment. The defendant applied for an appeal, and filed his affidavit and bond, on the same day. The St. Louis Land Court, which was the appellate court in this instance, was in session at the time. No transcript was filed by the appellant within the time prescribed by law, and on the 2d day of May the appellee produced a transcript and papers in court, and moved to dismiss the appeal, because the appellant had failed and neglected to file the transcript within the time provided by law, and because he had failed and neglected to prosecute his appeal with effect and without delay. The court sustained the motion, and dismissed the appeal.

When the judgment of the justice is rendered during the vacation of the Circuit Court (Land Court in this case), the appeal is returnable to the first day of the next term; but when the judgment is rendered during the term of such court, the appeal is returnable within six days after the rendition of the judgment—R. C. 1855, p. 797, § 12. It is the duty of the appellant to cause to be filed in the office of the clerk of the court to which the appeal is taken, a certified transcript of the record and proceedings before the justice, together with the original affidavit, recognizance and other original papers in the cause, on or before the return day of the appeal; and if he fail to file such transcript and other papers on or before the return day of the appeal, the appellee may produce them, and the court shall affirm the judgment, unless the appellant show good cause for the default— R. C. 1855, p. 799, §§ 23, 24. No cause was shown, or attempted to be shown, by the appellant, for the delay in producing the transcript and papers. It was his duty, not the justice's, before whom the cause was tried, to produce and

file the papers—Keim v. Daugherty, 8 Mo. 498. The appellee had the right to demand, and it would have been proper in the court to have affirmed the judgment; though, as the law was not complied with, it had also the right to dismiss.

The judgment is affirmed. Judge Holmes concurs; Judge Lovelace absent.