WM. J. ROBINSON, Appellant, v. ISAAC WALKER, Respondent.

1. *Justices' courts — Forcible entry and detainer — Appeal — Transcripts — Must be filed, when, during term of Circuit Court.* — In an action of forcible entry and detainer, where a judgment is rendered before a justice during a term of the Circuit Court, the justice is not obliged to furnish appellant with a transcript unless the affidavit and recognizance are filed with him before the sixth day after the judgment (Gen. Stat. 1865, ch. 188, §§ 11, 12, 23), and the omission to file the transcript within the six days is fatal to the appeal. The appellate court has no jurisdiction of the subject-matter in such case, and the consent of parties can not give it.

2. *Session of court, judicial cognizance of.* — In appeals of this sort it need not appear in proof that the Circuit Court was in session at the date of the judgment before the justice. The Circuit Court could officially know from its own records when it was in session.

*Appeal from St. Louis Circuit Court.*

*Hill & Jewett,* for appellant.

I. The appeal was not taken in time, and is a nullity. (Bernecker v. Miller, 37 Mo. 498.)

II. An appellate court can not get jurisdiction by appearance or consent. ( Latham v. Edgerton, 9 Cow. 227; *Ex parte* Shethar, 4 Cow. 80, 82, 540; Gibson v. Lynch, 1 Murphy, N. C., 495.)

III. An appeal allowed by a court below, when court has no authority to allow it, is a nullity, and the original judgment remains in full force. (Campbell v. Howard, 5 Mass. 376; Loveland v. Burton, 2 Verm. 521; Eddy's case, 6 Cush.

28; Clark v. Conn, 1 Munf., Ky., 160; Tatum v. Dayton, 4 Cush. 290.)

*Glover & Shepley*, and *Gardiner*, for respondent.

I. The record nowhere shows that the Circuit Court was in session at the time the judgment before the justice was rendered.

II. The appeal is not vitiated because the transcript from the justice was not in fact filed in the Circuit Court within six days. Were this not true, then in every case of appeal before a justice of the peace, the justice must prepare the transcript, and must file it within the time limited for taking an appeal. Every applicant's rights would depend upon the amount of business that was before the justice on the day the appeal was allowed, and on his celerity in making out the transcript. The statute prescribes two remedies when the transcript is not filed in time; one for the appellant, at section 34, p. 737; and the other for the appellee, at section 24, p. 736.

III. Any informality in the appeal was waived by the applications, on the part of the appellee, for continuance. ( Lampley v. Beavers, 25 Ala. 534; Ayres v. Western R.R., 48 Barb. 132; Dole v. Morely, 11 How. P. R. 138; Shaffer v. Trimble, 2 Iowa, 464.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff obtained a judgment before a justice of the peace in an action of forcible entry and detainer, and defendant appealed, but it is claimed that his proceedings in perfecting the appeal were irregular. After the case had been brought to the Circuit Court, and the parties had appeared, and the case been twice continued at the instance of the plaintiff, he moves the court to dismiss the appeal for the following irregularities in bringing up the case: Judgment was rendered on the 17th day of January, 1867; the affidavit and appeal bond were filed and the appeal granted on the 23d, and the transcript filed in the Circuit Court, then being in session, as is claimed, on the 25th. Sections 11, 12 and 23, of chapter 188, Gen. Stat. 1865, under which this appeal was prosecuted, are as follows: " Sec. 11.

Robinson v. Walker.

No appeal shall be allowed in any case unless the same be applied for, and an affidavit and recognizance be filed with the justice, within ten days after the rendition of the judgment and before the return day of the appeal, although such return day be within ten days after the rendition of the judgment. Sec. 12. When the judgment of the justice is rendered during the vacation of the Circuit Court, the appeal shall be returnable to the first day of the next term thereof; but if the judgment be rendered during the term of such court, the appeal shall be returnable within six days after the rendition of the judgment. * * * Sec. 23. The appellant shall cause to be filed in the office of the clerk of the Circuit Court of the county such certified transcript of the record and proceedings before the justice, together with the original affidavit, on or before the return day of the appeal."

The motion states that the Circuit Court was in session when this appeal was granted, and the irregularities complained of are, first, that the affidavit and recognizance were filed with the justice on, and not before, the return day of the appeal; and, second, that the transcript was filed in the Circuit Court on the eighth day after judgment, instead of " within six days."

These irregularities are plain and obvious. The party appealing could take up his transcript on the sixth day from the rendition of the judgment, but the justice was under no obligation to furnish him such transcript for the purposes of the appeal, unless the affidavit and recognizance had been filed with him before said sixth day. If there were any doubt as to the legal effect upon the appeal of this neglect, there certainly can be no doubt in regard to the effect of the omission to file the transcript, and I have never known but one ruling on the subject. A literal compliance with the requirements of the statute in this respect is always held to be essential. It is the only way in which the appellate court can acquire jurisdiction of the subject-matter of the former trial. It is *res adjudicata*, and if reopened it must be according to law, and the law is too plain to admit of construction. The only question that can be raised is the effect of the appearance of the plaintiff in the Circuit Court.

It has often been held that the appearance of a party by joining issue, or by any other action that shall indicate an intention to prosecute or defend the suit upon the merits, shall be deemed a waiver of a defect in the process or notice under which the appearance is had. But in every case of this kind the court had jurisdiction of the subject-matter, and it might with reason be said that a voluntary appearance is well enough. But the Circuit Court has no jurisdiction of a matter already decided on in another court, and especially in actions of forcible entry and detainer exclusively cognizable before a justice of the peace, unless it is brought into court under the statute and according to its provisions; and when it has no such jurisdiction, the consent of the parties can not give it. (James v. Robinson, 1 Mo. 595; Bernecker v. Miller, 37 Mo. 498; Lindsay v. Thompson, 10 Ohio St. 452; Luther v. Edgerton, 9 Cow. 227; *Ex parte* Shethar, 4 Cow. 540; Clark v. Conn, 1 Munf. 160; Gibson v. Lynch, 1 Murphy, 495.)

Appellant below insists that the judgment of the general term should be sustained for the reason that the bill of exceptions does not show that the Circuit Court was in session at the date of the judgment before the justice of the peace, and, if not in session, that the filing of the transcript was in season. But the bill of exceptions only embodies the motion and evidence under it, and the court below could officially know from its own records when it was in session. Having sustained the motion upon the ground named in it, we are bound to believe that it acted with knowledge of this fact, and correctly, unless the contrary be shown. Those who charge error must show it, for we will not assume its existence.

The judgment of the general term, reversing that of the special term, is reversed. The other judges concur.