Charles Bauer, Respondent, *v.* Sarpy C. Cabanne, Appellant.

November 8, 1881.

1. An appeal from a justice not taken within the time prescribed by the statute must be dismissed by the circuit court.

2. In a proceeding of forcible entry and detainer before a justice, it is the duty of the appellant to cause the transcript and papers to be filed in the circuit court.

3. A voluntary appearance will not give the circuit court jurisdiction, if the transcript and papers are not filed in time.

4. In such an action, an appeal taken in vacation cannot be returned after the return-day of the next term of the circuit court.

5. In the absence of any showing of the facts, it will be presumed, on appeal, that the judgment is in accordance with the facts.

Appeal from the St. Louis Circuit Court, Boyle, J.
*Affirmed.*
R. W. Goode and M. W. Huff, for the appellant.
E. Peacock, for the respondent.

Thompson, J., delivered the opinion of the court.

It has always been the law in this state, with reference to appeals from justices of the peace to the circuit court, that, unless the appeal is taken within the time prescribed by the statute, the circuit court acquires no jurisdiction to try the cause *de novo*, but that it is the duty of the circuit court to dismiss the appeal. *James* v. *Robinson*, 1 Mo. 594; *Holt* v. *Varner*, 5 Mo. 386; *Cason* v. *Tate*, 8 Mo. 45; *Bernicker* v. *Miller*, 37 Mo. 498; *Robinson* v. *Walker*, 45 Mo. 117; *Patchin* v. *Bonsack*, 52 Mo. 431; *Moore* v. *Minkler*, 3 Mo. App. 596; *Union Savings Assn.* v. *Keiser*, 8 Mo. App. 232. In ordinary cases the time allowed for the taking of an appeal is ten days from the rendition of the judgment (Rev. Stats., sect. 3040), or, where the judgment is a judgment by default, or of non-suit, ten days from the refusal of the justice

to set the same aside or grant a new trial. Rev. Stats., sect. 3041. But in cases of forcible entry and detainer, the subject is controlled by a special statute which reads as follows: "No appeal shall be allowed in any case, unless the same be applied for, and an affidavit and recognizance filed with the justice, within ten days after the rendition of the judgment, and before the return-day of the appeal, although such return-day be within ten days after the rendition of the judgment.

"When the judgment of the justice is rendered during the vacation of the circuit court, the appeal shall be returnable to the first day of the next term thereof; but if the judgment be rendered during the term of such court, the appeal shall be returnable within six days after the rendition of the judgment.

"The appellant shall cause to be filed in the office of the clerk of the circuit court of the county, such certified transcript of the record and proceedings before the justice, together with the original affidavit, recognizance, and other original papers in the cause, on or before the return-day of the appeal." Rev. Stats., sects. 2469, 2470, 2481. In cases covered by this statute, it is the duty of the party appealing, and not of the justice, to produce and file the papers in the circuit court; and, where this is not done within the time thus prescribed, it is the duty of the court to dismiss the appeal. Rev. Stats., sect. 2487; *Bernicker* v. *Miller*, 37 Mo. 498. And this duty is imperative; the voluntary appearance and consent of the parties will not give the circuit court jurisdiction to try the cause *de novo*. *Robinson* v. *Walker*, 45 Mo. 117.

This was an action of forcible entry and detainer. The judgment of the justice, which was in favor of the plaintiff, was rendered on September 28, 1880, and the appeal was not taken until the 7th of October following. The circuit court was in vacation at the time, and did not con-

vene until Monday, October 4th. Under the statute, the appeal could not, therefore, have been returned later than October 4th, the first day of the term of the circuit court, and hence the court properly dismissed the appeal. The circuit court gave no reason for dismissing this appeal; but there is no error in this, for the circuit courts are not bound to give reasons for the judgments which they render. The fact that the circuit court was in vacation at the time when the judgment was rendered, and from that time till the 4th of October, is not shown in the record. But we know ourselves as a fact, that this was so; and, while we cannot base our judgment in such a case upon facts within our own knowledge, yet the circuit judge may rightfully take judicial notice from its own records, of the times when it is in vacation and when it is in session. *Robinson* v. *Walker*, 45 Mo. 117, 120. In the absence of any showing or suggestion that such were not the facts, we must presume, in support of the action and of the circuit court, that it did take official notice of such facts from its records. The circuit court, therefore, rightfully dismissed the appeal, and its judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.