EZRA T. JESTER, Appellant, v. JAMES R. McKINNEY, Respondent.

St. Louis Court of Appeals, November 24, 1891.

Justices' Courts: APPEALS. If the transcript of a justice of the peace in a cause, wherein an appeal is taken, shows that the affidavit and bond for the appeal were filed with the justice within the time allowed therefor, but that the justice entered the order allowing the appeal after the expiration of that time because he had failed to satisfy himself in time of the sufficiency of the bond, the sufficiency of the appeal should be sustained under section 6334 of the Revised Statutes of 1889.

*Appeal from the Clark Circuit Court.*—HON. BEN E. TURNER, Judge.

REVERSED AND REMANDED.

*Callihan & Whiteside*, for appellant.

*F. A. S. Rebo*, for respondent.

BIGGS, J.—This case originated before a justice of the peace, where on a trial the defendant had judgment. The trial was had on the twentieth day of December,

1890 ; the affidavit for an appeal was filed two days thereafter ; the appeal bond was delivered to the magistrate on the twenty-seventh of December, and the appeal was allowed on the twelfth day of January, 1891. The justice stated in his transcript that the reason he did not allow the appeal within ten days after the judgment was rendered was, that he was not satisfied of the sufficiency of the bond within that time. When the case reached the circuit court, the defendant moved the court to dismiss the appeal because it was not taken within the time required by law. The court sustained the motion, and the plaintiff has brought the case here and insists that the trial court committed error in dismissing his appeal.

Under the statute, as it stood previous to the revision of 1879, the judgment of the circuit court would be right. In that revision, section 3047 was added, which reads : "If, in any case, the justice shall allow an appeal and certify in his certificate the cause of his failure to allow the same at the proper time, such appeal shall be sustained, when it would have been competent for the court to have ordered the same to be allowed ; and, in all cases when the bond and affidavit required shall have been filed or deposited with the justice in due time, and the justice shall have returned such appeal to the appellate court, the same shall be considered as having been allowed by the justice, although no entry thereof shall appear in the record."

The supreme court in the case of *James v. Robinson,* 1 Mo. 595, had occasion to construe the preceding section, or one quite similar to it, and it held that, on an appeal from a justice, the circuit court could not hear evidence as to the reason why the appeal was not allowed within the time required by law ; that, if the appeal was refused by the justice for an insufficient reason, these facts could only be brought to the attention of the circuit court by *mandamus.* It was to remedy this supposed defect in the law that the legislature

enacted section 3047, which has been retained in the revision of 1889, and is therein known as section 6334.

The case of *Union Saving Ass'n v. Keisker*, 8 Mo. App. 232, was decided after the revision of 1879 went into effect, but the appeal in that case had been taken under the old law. Judge BAKEWELL in his opinion merely followed *James v. Robinson, supra*, as he was bound to do. He failed, however, to mention the fact that the law had been amended, and that fact probably misled the trial court in the present action.

It is not disputed that the bond was sufficient and in due form. The justice testified on the hearing of the motion that he had recently been elected a magistrate; that he thought the law was satisfied when the affidavit and bond were lodged with him within the time for taking an appeal; that thereafter he could take all the time necessary to consider the sufficiency of the bond; that he only became satisfied of this on the twelfth day of January, 1891, and that thereupon he allowed the appeal.

It is quite evident that, if such facts had been made to appear in a *mandamus* proceeding, the circuit judge would have been authorized, and indeed it would have been his imperative duty to have ordered the justice to allow the appeal. Hence the circuit court ought to have overruled the defendant's motion.

The respondent has cited the case of *Bauer v. Cabanne*, 11 Mo. App. 114. That was a proceeding of forcible entry. The statutes provide an independent course of procedure, applicable solely to such cases. Therefore, the law of that case is inapplicable to this.

With the concurrence of the other judges, the judgment of the circuit court will be reversed, and the cause remanded. It will be so ordered.