JESSE REYNOLDS, Respondent, v. EMIL LEDERER, Appellant.

St. Louis Court of Appeals, February 13, 1894.

Forcible Entry and Detainer: APPEAL: FILING OF TRANSCRIPT. If an appeal is taken from the judgment of a justice of the peace in an action of unlawful detainer, the transcript for the appeal may be filed by the justice on behalf of the appellant in the circuit court.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

*Lentz & Standard* for appellants.

*George L. Edwards* for respondent.

ROMBAUER, P. J.—This is an action of unlawful detainer. The justice rendered a judgment for plaintiff on May 11, 1893. On May 16, 1893, the defendant filed his affidavit and bond for an appeal before the justice. The justice approved the bond, allowed the appeal and filed the transcript in the circuit court on the seventeenth of the same month. On the eighteenth of the month the plaintiff appeared in the circuit court and asked leave to file a transcript of the proceedings before the justice, which leave was granted. The plaintiff thereupon moved to docket the cause during the term, which was done. Subsequently, the plaintiff

appeared, and asked for an affirmance of the judgment on the ground that the defendant had failed to prosecute his appeal. This motion the court sustained, as it would seem, on the ground that the defendant's transcript, *filed by the justice* on the seventeenth, was not *filed by the defendant* within the contemplation of the statute.

It is conceded, on the one hand, that the appeal was returnable on the seventeenth of May, 1893, and, on the other hand, that the transcript was filed by the justice in the circuit court on that day. The respondent, however, contends that the requirement of section 5149 of the Revised Statutes of 1889, that "the appellant shall cause to be filed in the office of the clerk of the circuit court of the county such certified transcript," is not complied with, unless the appellant files the transcript in his own proper person or by the hands of some person especially authorized to do so on his own behalf.

This contention is wholly untenable. The circuit court obtains jurisdiction of the appeal, if the transcript is filed in the office of its clerk either by the appellant or some person in his behalf on or before the return day of the appeal. The statute does not require that the appellant shall do this in person, but that he shall *cause it to be done.* The filing of an affidavit and appeal bond before the justice is a sufficient request on part of the appellant that the justice should file the papers in the clerk's office. The justice is under no obligation to comply with this request, because the statute does not require him to do so. Had he failed to do so in this instance, the appellant would have been without remedy. But, where the justice under such circumstances does file the papers on or before the return day, his act is that of the appellant. There is nothing which militates against this position in the

cases of *Keim v. Daugherty*, 8 Mo. 498; *Bernicker v. Miller*, 37 Mo. 499; *Robinson v. Walker*, 45 Mo. 117; *Bauer v. Cabanne*, 11 Mo. App. 114; *Hastings v. Hennessey*, 52 Mo. App. 172.

The judgment is reversed and the cause remanded. All concur.