HADLEY et al., Respondents, v. BERNERO et al., Appellants.

St. Louis Court of Appeals, December 15, 1903.

1. UNLAWFUL DETAINER: Appeal in Term Time: Dismissed if not Taken in Six Days. An appeal from a judgment of a justice of the peace in an unlawful detainer action, given during the term time of the court, to which the appeal is returnable, must be taken within six days after the judgment, on pain of the appeal being dismissed.

2. JURISDICTION: Finding of Facts which Give Right to Adjudicate. When a tribunal is clothed with jurisdiction of a certain class of actions to which a controversy belongs, and makes a finding of the facts necessary to give it the right to adjudicate the controversy, that decision becomes res adjudicata, and the parties are precluded from re-opening it afterwards except by appeal or writ of error.

3. ———: ———. And where the record of a court of general jurisdiction, wherein it proceeds according to the course of the common law, is silent as to jurisdictional facts, or contains no findings thereon, the presumption prevails that the court had jurisdiction.

4. ———: ———: Determined by Matters in Pais. And where the power to decide depends upon facts dehors the record and the judgment roll, the judgment is valid until it is reversed on appeal, or annulled by other direct attack.

5. ———: ———: Admission of Jurisdictional Facts. Consent of parties can not give jurisdiction; but parties may admit the existence of facts which show jurisdiction and courts may act judicially on such admissions and their action be binding and effective.

6. ———: Function of Writ of Error Coram Nobis. The function of a writ of error coram nobis, is to vacate a judgment in the court where it was rendered by bringing some fact to the knowledge of that court which was not previously known, and which, if known, would have prevented the rendition of the judgment.

7. ———: ———: Unlawful Detainer: Appeal. But a writ of error coram nobis does not lie if the complaining party knew at the trial the fact complained of, or by reasonable diligence could have known it; and where an appeal was taken from a judgment in unlawful detainer, before a justice of the peace, during the session of the circuit court to which the appeal was returnable, but after the six days allowed by the statute for such appeals had elapsed, and the case tried de novo in the circuit court and judgment rendered, a writ of error coram nobis will not lie to vacate that judgment on the ground that the appeal was not taken in time.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher*, Judge.

AFFIRMED.

*Vernon W. Knapp* for appellant.

(1) A transcript of all the proceedings had before the justice, together with all documents filed with him, in this case, on or before October 24, 1901, would fail to show the filing of any affidavit for appeal or any recognizance or that any order allowing appeal had been made by the justice. There was, therefore, no appeal ever allowed in this case and the judgment of the justice of the peace became, at the expiration of the twenty-fourth day of October, 1901, final and conclusive and the cause of action became *res adjudicata*. The circuit court therefore acquired no jurisdiction of the case, all of its proceedings are without jurisdiction and its judgment a nullity. Bernicker v. Miller, 37 Mo. 498; Patchin v. Bonsack, 52 Mo. 431; Semple & Birge Mfg. Co. v. Thomas, 10 Mo. App. 459; Bauer v. Cabanne, 11 Mo. App. 114; Robinson v. Walker, 45 Mo. 117; Hastings v. Hennessey, 52 Mo. App. 172; St. Louis v. Gunning Co., 138 Mo. 355. (2) The appearance in the circuit court of all the parties to the case and their taking part in the proceedings does not confer jurisdiction upon the court, nor is there any waiver thereby and the doctrine of es-

toppel does not apply.   Moore v. Minkler, 3 Mo. App.
596; Moulder & Simpson v. Anderson, 63 Mo. App. 39;
Enc. of Pl. and Prac., vols. 12, p. 191, 15, p. 216; Hender-
son v. Henderson, 55 Mo. 534; Graves v. McHugh, 58
Mo. 499; Davis v. Jacksonville, 126 Mo. 69; Bray v. Mar-
shall, 66 Mo. 122; Encl. of Pl. and Prac., vol. 12, pp.
188, 189.   (3)   The court has no power, as a general
rule after the term at which a final judgment has been
rendered to vacate the judgment; but it has that power
upon proper application upon sufficient cause shown, as
for instance, where the judgment is void or irregular.
Harbor v. Pacific Railroad Co., 32 Mo. 423; Stacker v.
Cooper Circuit Court, 25 Mo. 401; Smith v. Best, 42 Mo.
185. (4) A judgment which is void for want of jurisdic-
tion, may be vacated or stricken off on motion and a di-
rect action to have such judgment annulled and set aside
is a recognized procedure.  Where it is sought to set aside
a judgment on the ground of irregularity, a motion in the
cause, and not a new action, is the appropriate remedy.
Encl. of Pl. and Pr., vol. 15, pp. 237 and 258; Powell v.
Gott, 13 Mo. 458; Randall v. Wilson, 24 Mo. 76; Town-
send v. Cox, 45 Mo. 401; Droning v. Still, 43 Mo. 309;
State v. Scott, 104 Mo. 26; Hirsch v. Weisberger, 44 Mo.
App. 506.   (5)   A court may at any time vacate a judg-
ment which is void for want of jurisdiction and the right
to have such judgment vacated is not lost by delay re-
gardless of whether or not the time of application to set
aside judgment for irregularity is limited by statute.
Am. and Eng. Ency. of Law, vol. 17, pp. 842 and 1046;
Jones v. Pharis, 59 Mo. App. 254; State v. St. Louis,
1 Mo. App. 503; Harness v. Cravens, 126 Mo. 233;
Fisher v. Siekman, 125 Mo. 165.

   *Thomas S. Meng* for respondents.

   (1)   Appellant, having once appealed from the
judgment, and the same having been affirmed, can not

again appeal from the same judgment. Schnaeder Brewing Co. v. Levvie, 41 Mo. App. 584. (2) Appellant's motion to vacate and set aside the judgment, not being set out in the bill of exceptions, there is nothing before this court for review. Ryan v. Growney, 125 Mo. 474; Loudon v. King, 22 Mo. 336. (3) Even if the circuit court had power to set aside the judgment, it was not bound to do so. Defendants having invoked the jurisdiction of the circuit court on their appeal, litigated the case on the merits, and remained in possession of the property under their appeal bond, can not now claim as a matter of right, that the judgment must be set aside, even though it may be void. Thornton v. Baker, 15 R. I. 553, p. 557; Harbaugh v. Albertson, 102 Ind. 69; Reyverston v. Central Lumber Co., 69 Ill. App. 131; Packer v. Roberts, 140 Ill. 9; Bigelow on Estoppel (5 Ed.), p. 517; Hines v. Mullens, 25 Ga. 696; Lovelady v. Davis, 33 Miss. 577, p. 578; Norton v. Miller, 25 Ark. 108, p. 112; King v. Penn, 43 Ohio 57; McClannahan v. West, 100 Mo. 309, p. 322; Herweek v. Koken Barber Supply Co., 61 Mo. App. 454, p. 456.

GOODE, J.—Plaintiffs Leo G. Hadley and others obtained judgment against the defendants David Bernero and others, October 18, 1901, in an unlawful detainer action before a justice of the peace. Defendants appealed to the circuit court from the justice's judgment eight days after it was rendered. This appeal was not in time as the circuit court was then in session, as now appears, and the statutes require the appeal from a justice's judgment in an unlawful detainer case to be taken in six days after judgment, if the court to which it lies is then holding a term. We suppose the fact that the appeal was too late was not called to the attention of the circuit court, and it may not have occurred to either of the parties. At all events, the cause was tried anew, with the result that judgment was again entered against the defendants, who again appealed and the cause came

to this court.   Here a point was raised against the jurisdiction of the circuit court; but as the record before us failed to show the justice's judgment was given during term time, we ruled the point against the defendants, because we had no right to take notice that a term of the circuit court was then running; but, in the absence of proof to the contrary, were bound to presume, in favor of the judgment, that said court found the facts existed which authorized it to hear and determine the cause, to-wit: that the justice gave judgment while it was in vacation.   The report of our decision will be found in 97 Missouri Appeal Reports 314.

After the affirmance of the judgment, the defendant filed a motion in the nature of a writ of error *coram nobis* in the circuit court to vacate its judgment, assigning as ground for the motion, the tardy appeal from the magistrate's judgment.   Proof was made that the circuit court was in fact sitting when the judgment was rendered; but the motion *coram nobis* was overruled, notwithstanding that proof, and defendants have again appealed to this court from the order overruling the motion.

An appeal from a judgment of a justice of the peace in an unlawful detainer action given during term time of the court to which the appeal lies, must be taken within six days after judgment, on pain of the appeal being dismissed; as has been decided frequently.   Robinson v. Walker, 45 Mo. 117; Bauer v. Cabanne, 11 Mo. App. 114; Hastings v. Hennessey, 52 Mo. App. 172.   An appeal in other litigation will fail if allowed after the lapse of the statutory period for appealing.   State v. Epperson, 4 Mo. 90; State v. Anderson, 84 Mo. 524; St. Louis v. Gunning Co., 138 Mo. 347.   According to the opinions in those cases, the circuit court acquires no jurisdiction over the subject-matter of the action, if an appeal is too late; a statement that seems to be too broad and to intend rather that the court appealed to obtaines no jurisdiction of the particular case.   Jurisdiction over the

subject-matter of an action means the power to deter-
mine legal controversies of the same class or sort.
Posthlewaite v. Ghiselin, 97 Mo. 420; Livingston v. Al-
len, 83 Mo. App. 294; Leonard v. Sparks, 117 Mo. 103.
Or, as is sometimes said, it is the power to adjudge con-
cerning the general question involved; the power to act
and adjudicate in litigation of the same nature, though
from lack of service on a party, or some other deficiency,
the power may not be exercisable in a pending case.
Brown, Jurisdiction (2 Ed.), 3. Circuit courts have ap-
pellate jurisdiction by force of the statutes in unlawful
detainer actions, and have, therefore, strictly speaking,
jurisdiction over the subject-matter of any case of that
kind.   But they have no power to determine an action
appealed from a magistrate's court, whether it be an un-
lawful detainer one or some other, unless the appeal
was taken within the period fixed by the statutes. Rob-
inson v. Walker, Bauer v. Cabanne, supra; Moore v.
Minkler, 3 Mo. App. 596. And it is held that if an ap-
peal is taken out of time, consent of parties can not give
the circuit court power to decide. Moore v. Minkler,
supra; Moulder & Simpson v. Anderson, 63 Mo. App.
39.   If the subject-matter of the action falls within the
concurrent original jurisdiction of the circuit court, and
the parties appear and go to trial, according to estab-
lished principles this ought to give the court power to
determine the cause even if the appeal was too late.
Brown, Jurisdiction (2 Ed.), sec. 21a.   But decisions of
this State appear to have prescribed otherwise; and the
remark is irrelevant, since the present action is one of
which the circuit court had no original, but only appel-
late jurisdiction.   The validity of the appeal hinged on
a fact which it was incumbent on the circuit court either
to find from evidence, or notice judicially, before pro-
ceeding further. When a tribunal is clothed with juris-
diction of the class of actions to which a controversy be-
longs, and its right to adjudicate the controversy de-
pends on certain facts which it must ascertain, and it

makes an express finding on them, that decision becomes as much *res judicata* as the decision of any other issue, and the parties are precluded from re-opening it afterwards, except by appeal or writ of error. They are precluded, not because jurisdiction of the subject-matter can be waived, or conferred by consent, but because it is conferred by law and the facts on which it may be exercised have been found to exist in the particular controversy. If the decision that they exist is erroneous, the remedy is the same as when other erroneous decisions occur; review by an appellate court; to which the cause may be carried and the decision reversed, if the evidence on which it was given is preserved in the record in a way to enable the upper court to pass on it. Black, Judgments, sec. 300; Howard v. State, 58 Ark. 229; Williams v. Edwards, 12 Iredel 118; Hawkins v. Bowie, 9 Gill. & J. 428. So far as this record discloses, there was no affirmative finding by the circuit court that the appeal from the magistrate's court was timely. Still, it retained and decided the case, thereby assuming jurisdiction, and must be presumed to have done so on facts found which gave it the right. Clary v. Hoagland, 6 Cal. 685; State v. Waupaca Bank, 20 Wis. 640; Thornton v. Baker, 15 R. I. 553; Vanfleet, Coll. Attack, sec. 62, and citations. It is at least questionable if the whole matter of its jurisdiction is not *res judicata* and no longer open to attack in any mode; though the decisions as to what is a direct attack on a judgment, and when it may be made, are not harmonious. Morrill v. Morrill, 23 Am. St. Rep., note on p. 104, et seq. There would be no doubt that this is *res judicata* if the circuit court had made an affirmative finding in favor of its jurisdiction. Courts are constantly called on to determine preliminary facts on which hinges their power to decide litigation; and their determinations are constantly reviewed by appellate tribunals, when the evidence essential to a review is in the record. Hembree v. Campbell, 8 Mo. 572; Peery v. Harper, 42 Id. 131; Brackett v. Brackett, 61 Id. 221;

Smith v. Simpson, 80 Id. 634; Roberts v. State Ins. Co., 26 Mo. App. 92. The decisions on which defendant's counsel relies to show the appeal of the present action to the circuit court was abortive, are in point on this proposition. We apprehend that if the finding of a jurisdictional fact is based on contradictory testimony, the lower court would have to be sustained; because it weighs testimony and upper courts do not. But if the fact was found against all the testimony, the error in exercising jurisdiction could be corrected by a reversal of the judgment. When the record of a court of general jurisdiction in a cause wherein it proceeds according to the course of the common law, is silent as to jurisdictional facts, or contains no finding, the presumption prevails that the court had jurisdiction. 1 Herman, Estoppel, secs. 356-367. Or, as is sometimes said, nothing shall be intended to be out of the jurisdiction of a superior court but what specially appears to be. Huxley v. Harrold, 62 Mo. 516; Gates v. Tusten, 89 Mo. 13; Schad v. Sharp, 95 Mo. 573; St. Louis v. Lanigan, 97 Mo. 175; McClanahan v. West, 100 Mo. 309; State v. Baty, 166 Mo. 561. In the case last cited a record entry needed to show the jurisdiction of the circuit court was missing; but the Supreme Court said that every presumption would be indulged in favor of the action of the court, and that it proceeded by right and not by wrong; further, that if the record was silent about a matter necessary to confer jurisdiction, or more properly to cause it to attach in the particular instance, the existence of such matter (nothing appearing of record to the contrary) would be presumed; and it would be presumed too, when some regular and formal intermediate entry should have been made which did not appear in the transcript, that its absence was occasioned by the misprision of the clerk.

In Gates v. Tusten, supra, an attachment suit was brought against the defendants in Jackson county by publication, they being non-residents. The judgment

went against them; writs of attachment were issued and the Phoenix Insurance Company garnished. Said company answered that it owed the defendants Tusten and De Neven the proceeds of a policy of insurance, but had been notified of the transfer of the policy to one Eastland on the order of Tusten and De Neven and asked that Eastland and Gates be required to interplead. Eastland filed a plea to the jurisdiction on the ground that no property of Tusten and De Neven had been attached in Jackson county. The record and judgment disclosed nothing as to whether it had or not; but the Supreme Court held that it must be ruled the Jackson county circuit court had jurisdiction because of the presumption of the right exercise of jurisdiction by a superior court. The opinion says:

"It is one of the fundamentals of the law that where the record of a court of general jurisdiction shows that it assumed to exercise jurisdiction over a person or subject-matter, in the absence or silence of the record as to any fact showing the acquisition of jurisdiction, or how it was acquired, then jurisdiction is presumed; for the rule is that 'nothing shall be intended to be out of the jurisdiction of a superior court but which specially appears to be so.'"

In Schad v. Sharp, supra, an ejectment case, the jurisdiction of the circuit court of Morgan county was questioned in the Supreme Court, because the record did not show affirmatively the land sued for was in that county. But the record nowhere showed the land was not in Morgan county, and it was ruled that the circuit court would be presumed to have rightly exercised its jurisdiction.

. Probate courts must often determine their power to grant administration on estates, when the power turns on extrinsic facts; such as where the mansion house of the deceased was, or his lands, or where he died, and other matters. The rule is now established, after some wavering in the decisions (based on the fact that pro-

bate courts were for a long time regarded as inferior tribunals) that if a probate court grants administration after finding that the fact on which it ought to do so existed, the grant, and all matters thereafter, are valid, although the fact was found erroneously.   Johnson v. Beazley, 65 Mo. 250; Cox v. Boyce, 152 Mo. 576; Am. St. Rep. 483; Davison v. Davison, 100 Mo. App. 263, 73 S. W. Rep. 373.   Consent of parties can not give jurisdiction; but parties may admit the existence of facts which show jurisdiction and courts may act judicially on such an admission and their action be binding and effective; as was decided in a case where the jurisdiction of the circuit court of the United States depended on the character of the action.   Railroad v. Ramsey, 89 U. S. (Wall.) 322.

Appeals are of statutory origin and in entertaining them an appellate court does not proceed according to the course of common law; but, nevertheless, the presumption in favor of the right exercise of jurisdiction has been held to prevail; and if the circuit court hears and decides a cause appealed from a justice's court, the appeal will be presumed to have been taken within the time allowed by law, unless the record shows it was not. City of Kansas v. Clark, 68 Mo. 588; Feurth v. Anderson, 87 Mo. 354.   In recognition of the foregoing principles and authorities we held, in the former decision of this case, that it must be presumed the circuit court rightly entertained and determined the controversy. We held, too, that said court could take judicial notice of its sessions and adjournments, and that it was unnecessary, in order for it to determine the question of its power to hear the cause, to make proof that the appeal was, or was not, taken in time.   Bauer v. Cabanne, 11 Mo. App. supra.   We further held and decided that this court could not take judicial notice of the adjournments of the circuit court, and, therefore, could not decide the appeal from the justice's judgment was too late, in the absence of evidence to show the fact.

The judgments of superior courts occupy a different status when their jurisdiction or power to decide, is called into question on account of matter *in pais,* from what they do when the want of jurisdiction appears from an inspection of the record or judgment roll. If it may be discerned by inspection that the cause was of a kind which did not fall within the domain of the court's jurisdiction at all (for instance, if it was an ejectment case decided by the probate court) the judgment will be utterly void on the face of the record; and so all the decisions say. Note to Morrill v. Morrill, supra. But where the power to decide depends on facts *dehors* the record and the judgment roll, the judgment is valid until it is reversed on appeal, or annulled by other direct attack.

It is not easy to see what kind of a direct attack other than an appeal or writ of error, can be made on a judgment for lack of jurisdiction to render it, when the record does not show the lack, if the instance is one where the necessary jurisdictional facts are presumed to have been found; for it looks like the finding would render the question of the existence of the facts *res judicata.* While there are modes of attack which are classed as direct and, therefore, as permitting proof of facts *in pais* to vacate a judgment (such as a bill in equity, writs *audita querela,* and *coram nobis*) it is debatable if in instances like this one, the attack by appeal or writ of error is not the only method to seek relief. One must speak dubiously on the subject because of the discordant decisions. An attack on a judgment may be made in a manner usually spoken of as direct, and yet the circumstances be such as to deprive the mover of the prerogatives that commonly pertain to direct attacks. Morrill v. Morrill, supra, note p. 105; Vanfleet, Coll. Attacks, sec. 2, 3; Harmon v. Moore, 112 Ind. 221; Reid v. Mitchell, 93 Ind. 469. In the decision last cited a petition was filed to set aside a judgment on the ground that it was rendered against the petitioners by

an attorney called in to try the case by the judge of the court without the consent of the parties, and who, therefore, had no power to sit. The court held that the proceeding, or any other to annul a judgment for facts *dehors* the record, was a collateral attack. In commenting on this decision, a writer said that "all the cases agree that a record of a domestic court of general jurisdiction can not be overturned in another action by matters *dehors* the record; and such an attempt, when the sole object is to declare the judgment void, and not to get a review or new trial for newly discovered evidence, or to set it aside under the rules of equity, is always a collateral attack." Van Fleet, sec. 4, citing Newcomb v. Newcomb, 13 Bush. 844; 26 Am. R. 222.

In Truesdail v. McCormick, 126 Mo. 39, a petition by a married woman to vacate a judgment rendered against her as void because of her coverture was declared to be plainly a collateral attack. The equities of the matter, and the rights of third parties, influence the result of proceedings against judgments, whether they be what are styled direct or collateral; and it looks as though some confusion had been introduced into the law by speaking of the same proceeding as direct in some instances and collateral in others; instead of saying that such a proceeding, although properly called a direct one, will not prevail when the justice of the matter requires it to fail.

We are confident that the motion *coram nobis,* does not lie to vacate a judgment for the reason assigned in the present motion. After considerable research we have found no instance, nor have we been cited to any, of the use of the procedure for such a purpose.

In Craig v. Smith, 65 Mo. 536, a motion *coram nobis* was entertained to set aside the judgment because one of the defendants had not been served, the sheriff's return showing no service and it appearing by testimony that, in fact, he was not served. The opinion states that the propriety of the motion for the purpose was not called

into question. Whether proper or not, it is obvious the
circumstances were very different from those we have
here. In that case the defendant Van Camp was never
in court at all, and hence, had no chance to make de-
fense. But these defendants were in court from the
first, and, moreover, themselves took the appeal to the
circuit court, had an opportunity before the trial to
question its jurisdiction, and insisted, on the former ap-
peal, that said court erred in deciding the controversy,
because it was bound to take judicial notice that the
appeal was abortive, as taken out of time. A writ of
error *coram nobis,* and the motion which, in modern
practice, is substituted for it, have a well-defined func-
tion. Their function is to vacate a judgment in the court
where it was rendered by bringing some fact to the
knowledge of that court which was not previously
known, and which, if known, would have prevented the
rendition of the judgment. What facts may it bring
before the court in order to obtain relief? The rule,
as usually declared, is that on a writ of error *coram
nobis,* only such errors of fact can be assigned as are
consistent with the record before the court in which the
case was tried. Williams v. Edwards, 12 Iredel, supra.
The motion lies when a party against whom judgment
was rendered was not served with process (Craig v.
Smith, supra); or when judgment went on publication
and the defendant was within the jurisdiction of the
court and could have been personally served (State ex
rel. v. Heinrich, 14 Mo. App. 146); or when a defendant
was dead at the time judgment went against him
(Dugan v. Scott, 37 Mo. App. 663); or if judgment was
rendered against a married woman as though she was
single (Latshaw v. McNees, 50 Mo. 381); or when a
person not *sui juris,* as a slave, minor, or insane person,
was proceeded against without a guardian, or in some
irregular mode (In re Tony, 11 Mo. 661; Powell v. Gott,
13 Mo. 459; 5 Am. and Eng. Ency. Law, 27). Probably

these instances do not embrace all the matters for which the motion *coram nobis* will lie, and in any case equities may have supervened that will defeat the remedy. It was questioned in the Estate of Gould v. Watson, 80 Ill. App. 242, if it will lie in other instances than those well recognized by precedents. Undoubtedly it may be used to correct judgments based on errors of the clerk of a court, or in process; as was decided in Prickett's Heirs v. Legerwood, 7 Peters 147. It will not lie to vacate the present judgment on the ground that the appeal from the justice was after the lapse of the statutory period, for one reason if for no other; a reason consistent with the general principles which always determine the efficacy of the motion; the fact was one which the defendants knew, or by reasonable diligence might have known, prior to the trial in the circuit court. They might have called that court's attention to the unseasonableness of the appeal and have stopped further litigation and expense. The peculiar provision of the forcible entry and detainer statutes requiring appeals to be taken within six days after judgment, if the court to which the appeal lies is in session, whereas, generally appeals from justices may be taken in ten days after judgment, has proved something of a pitfall; because it is sometimes forgotten for the nonce, and the general statute followed. It may be that the unlawful detainer statute was never thought of by any of the parties to this cause until after the circuit court had determined it. That circumstance would not entitle the defendant to relief; because ignorance or forgetfulness of the law has no such effect, except in a few instances, of which this is not one. Or, may be, neither of the parties, nor the court, remembered that a term of the St. Louis circuit court was in progress when the justice's judgment was rendered. But this was a fact the defendants ought to have remembered or ascertained. It was a fact, too, which the circuit court could have noticed judicially, as defendants contended on their former appeal. Now the

law is that the writ of error *coram nobis* does not lie if the complaining party knew the fact complained of at the trial, or before, or by reasonable diligence could have known it, or was otherwise guilty of negligence. 5 Ency. Pl. and Pr., p. 29; Jackson v. Milsom, 6 Lea. 515; Brandon v. Diggs, 1 Heisk. 472; Marble v. Van Horn, 53 Mo. App. 361.

In Marble v. Van Horn, supra, it is said "that where the party complaining knew the fact, or might have known it and failed to bring it to the attention of the court, he can not afterwards do so. Thus: 'A man shall never assign that for error which he might have pleaded in abatement; for it shall be accounted his folly to neglect the time of taking that exception.'" That language was used in a case wherein the motion *coram nobis* had been used to have costs re-taxed, and an appeal was taken from the judgment taxing the costs on the motion. The costs had been re-taxed because certain witnesses appeared by the return of a subpoena to have been summoned prior to the date of the subpoena. It was held that the costs were improperly re-taxed because, in truth, the witnesses had been subpoenaed under a previous subpoena, and but for the false appearance due to the second subpoena, the judgment on the motion to re-tax costs would have been different. It was ruled, however, that the truth might have been ascertained by proper effort; and that as the circuit court passed on the facts, though erroneously, the motion *coram nobis* could not be invoked to have a matter formerly decided, again examined; citing McKindley v. Buck, 43 Ill. 488. On this proposition the opinion says that the fact relied on in the motion must have been previously unknown to the court; for if it was known and the court decided erroneously or irregularly, the error was one of law to be corrected on appeal. This coincides with our view that these defendants could have presented this question on the former hearing, if they had introduced evidence at the trial to show the circuit

court lacked jurisdiction. The untimeliness of the appeal from the justice's decision was not a concealed or latent fact like the infancy of a minor, or the coverture of a married woman, or the residence within its jurisdiction of a defendant who was served by publication, which a court can only know when its attention is called to it, and which the party adversely affected by the judgment might be ignorant of without negligence; or, if not ignorant, have no chance to prove at the trial. But these defendants, if they did not know the circuit court was sitting when the justice gave judgment, should have known it. If they knew it, they allowed the circuit court to proceed with the case to a decision, thereby imposing on it. In either event they have no standing to re-open the question by this motion and the judgment of the circuit court overruling it is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.