ANHEUSER-BUSCH BREWING ASSOCIATION, Respondent, v. THE SOUTHERN BOWLING ASSOCIATION et al., Appellants.

St. Louis Court of Appeals, December 1, 1908.

1. FORCIBLE ENTRY AND DETAINER: Timely Appeal: Evidence. In an action for forcible entry and detainer in which judgment had been rendered by the justice during the session of the circuit court, where the evidence was conflicting as to whether the transcript of the justice from whom the appeal was taken was filed in the circuit court within six days from the date of the judgment, the finding of the trial court upon the issue will not be disturbed by the appellate court.

2. ———: ———: ———: Negligence of Appellant. Where the appellant in such forcible entry and detainer case neglected to see that his transcript for appeal was filed within six days from the time the judgment was rendered by the justice, a motion to dismiss such appeal will not be overruled on the ground that the justice or his clerk failed to file the transcript in time. It was the duty of the appellant to see that it was done.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

AFFIRMED.

*Marion C. Early* for appellants.

(1) Defendants had shown all the diligence required and the default not being chargeable to their want of diligence was good cause for the default and comes within the provisions of the statutes. R. S. 1899, sec. 3382; Hastings v. Hennessy, 52 Mo. App. 177. (2) An appellant will not lose his appeal for a fault due entirely to the neglect of an official. 2 Ency. Pl. and Pr., p. 280; 2 Ency. Pl. and Pr., p. 345. And it is immaterial that the clerk did not put his filing mark on. That is merely evidence of filing. Appellants are not responsible for his failure to do so. Construction Co. v. Railroad, 72 Mo. 667.

*Frank K. Ryan* for respondent.

(1) A finding of the trial judge on the testimony of witnesses appearing personally before him, and based on the credibility of such witnesses, will not be reversed on appeal. Blom-Collier v. Martin, 98 Mo. App. 596. (2) The law applicable to actions of forcible entry and detainer and appeals from judgments in such actions, constitutes a special and preclusive code, and unless rigidly complied with, the supervising court acquires no jurisdiction of the subject-matter. Robinson v. Walker, 45 Mo. 117; Carter v. Tindal, 28 Mo. App. 316; Hastings v. Hennessy, 52 Mo. App. 172; Schwoerer. v. Christophel, 64 Mo. App. 81; Holman v. Hogg, 83 Mo. App. 370; Warner v. Donahue, 99 Mo. App. 37. (3) In cases of forcible entry and detainer, or unlawful detainer, on appeal to the circuit court, it is the duty of the appellant, and not the duty of the justice, to cause the transcript to be filed in the office of the clerk of the circuit court. R. S. 1899, sec. 3381; Kleim v. Daugherty, 8 Mo. 498; Bernicker v. Miller, 37 Mo. 498; Robinson v. Walker, 45 Mo. 117; Bauer v. Cabanne, 11 Mo. App. 114; Reynolds v. Lederer, 56 Mo. App. 511; Warner v. Donahue, 99 Mo. App. 37.

BLAND, P. J.—Action for unlawful detainer, brought before a justice of the peace in the city of St. Louis. The trial before the justice was held on July 19, 1907, and resulted in a judgment for plaintiff. On July 23d defendant perfected his appeal to the St. Louis Circuit Court, by filing the proper affidavit and bond. The circuit court was in session when the judgment was rendered and continued in session thereafter during the month of July. The transcript of the justice was not filed in the circuit clerk's office (as shown by the clerk's file marks) until July 26th, or more than six days after the judgment was rendered by the justice. The appeal was dismissed, on plaintiff's motion, for the reason the transcript was not filed within six days after the justice rendered judgment, from which action of the court defendant appealed. On the trial the motion to dismiss defendant introduced evidence tending to show that the transcript was delivered to a deputy circuit clerk on July 24th. The justice's clerk swore he handed the transcript to the deputy clerk, over the counter in the clerk's office, on July 24th, and informed defendant's attorney on that day that he had filed the transcript. The deputy circuit clerk swore the transcript was handed to him by some one, he did not know who, on July 26th, and that he immediately market it "filed," and the file mark shows it was filed on July 26th. The deputy is corroborated by the serial numbers of the cases filed in the office before and after the transcript in this case was filed. Marion Early, Esq., attorney for defendant, testified that on July 25, 1907, which was the last day for filing the transcript, not finding a notation of its filing in the St. Louis Daily Record, he called up the clerk of the justice court and asked if he could have the transcript. The clerk replied that he had taken it himself the day before, and deposited it with the circuit clerk. Witness immediately called on the chief deputy in the office of the circuit

clerk and asked him why the transcript had not been filed, adding that the clerk of the justice court had stated that he had left it there the day before. To this the chief deputy replied that he did not know of its having been brought in, and added, "I will immediately examine into the matter and if I do not find it, I will call up the clerk of the justice of the peace court and have him come up here and straighten the matter up." The next the attorney for defendant knew of the matter, the chief deputy called him up and said that the transcript had reached him and had been filed, and that "it was all right." Witness heard nothing more of the matter until the motion to dismiss was filed.

On the evidence adduced, the court found as a matter of fact that the transcript was filed on July 26th. The return day of the appeal was within six days after the rendition of the judgment by the justice. [Section 3370, Mo. Ann. St. (1906).] In Robinson v. Walker, 45 Mo. 117, it was held that an omission to file the transcript of the justice within six days after judgment, in a forcible entry and detainer suit, when the judgment was rendered during a term of the circuit court, was fatal to the appeal, and that an appellate court has no jurisdiction over the subject-matter. This case has been followed in Carter v. Tindall, 28 Mo. App. 316; Hastings v. Hennessey, 52 Mo. App. 172; Holman v. Hogg, 83 Mo. App. 370; and Warner v. Donahue, 99 Mo. App. 37. The finding of the circuit judge on the evidence heard on the motion to dismiss, in respect to the date the transcript was actually filed, will not be disturbed by us for the reason the finding is supported by substantial evidence. [Blom-Collier Co. v. Martin, 98 Mo. App. 596.] However, defendant contends that admitting the transcript was not filed within time, still as the evidence shows the fault was not his but that of the justice, or his clerk, he should not be made to suffer

for the negligence of these officers, or either of them. The return day of the appeal is fixed by statute and no variance from it is provided for. Under the statute it was defendant's duty to produce the transcript in the circuit court on the return day, if it had not been filed prior to that day, or to show as an excuse for his omission that he had done all in his power to produce it, and that its non-production was due solely to the justice's failure to make it out and deliver it to him, or forward it to the circuit clerk, as required by law, and to move for a rule on the justice to forthwith transmit it to the circuit court. [Keim v. Daugherty, 8 Mo. 498; Bernicker v. Miller, 37 Mo. 498; Warner v. Donahue, supra.] Defendant relied upon others to do that which he should have done himself, to-wit, produce and file the transcript on or before the reutrn day, hence his excuse for failing to comply with the statute is insufficient. The judgment should be affirmed. It is so ordered. All concur.